# Brassell v. McLemore.

*Bill in Equity for Specific Performance of Contract for Sale of Land.*

1. *Waiver of cash payment.* — The vendor of land cannot resist a specific performance of the contract of sale, on account of the purchaser's failure to make a cash payment as stipulated, when he accepted the payment as subsequently made.

2. *Payment in specie, or in "legal tender" treasury-notes.* — Under a contract for the sale of land, payment may be made by the purchaser in United States "legal tender" treasury-notes, although the contract contained an express stipulation that it should be made in specie.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed on the 3d June, 1869, by Albert B. Brassell, against Moses McLemore; and prayed for an injunction of an action at law, which said McLemore had instituted against said Brassell, to recover the possession of a certain tract of land, and also for general relief. There was no prayer for a specific performance of the contract for the sale of the land by McLemore to Brassell, though the complainant alleged that

[Brassell *v.* McLemore.]

he had been put into possession by the defendant, and had paid a part of the purchase-money. The contract of sale was in writing, as stated in the opinion of the court. The defendant answered, alleging that the complainant had obtained the possession of the land, not under the contract, but by fraud and force; and that the payments made to his attorneys were not made as required by the terms of the contract, were received by his attorneys without authority, and were not sanctioned by him. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

STONE & CLOPTON, for the appellant.

WATTS & TROY, *contra.*

B. F. SAFFOLD, J. — The appellant purchased land from the appellee, McLemore, under a written agreement of sale, and, some difficulty occurring between them about the payments, the latter commenced suit at law to recover the possession. The former filed the bill to enjoin that suit, and to obtain a specific performance of the contract.

The agreement of sale, signed by both parties, and attested by W. A. Brassell, recites that *therein,* on the 4th of July, 1865, McLemore has bargained and sold the land, about four hundred acres, to the complainant, Brassell, who is to pay him therefor " four thousand dollars, in four annual instalments, commencing the 1st of January, 1867, making the first instalment or payment the 1st of January, 1868, with interest to be paid annually from the 1st of January, 1866." If Brassell should make default in any of the payments of principal or interest, McLemore " shall take, or is entitled to the control of the aforementioned lands, to his benefit." " But, should the said Brassell pay unto the said McLemore the above amount, with interest, upon such payment the said McLemore shall make, or cause to be made, unto the said Brassell, or his representative, a good fee-simple title," &c. There is also included in the agreement a sale of about $500 or $800 worth of cattle and hogs from McLemore to Brassell.

The defendant states in his answer, that, in addition to the sale made by him in the written contract, and as a part of the same transaction, he also sold to the complainant a quantity of supplies, consisting of corn, oats, &c., which were to be presently paid for in United States currency, whereas the land was to be paid for in coin; that the complainant was by him let into the partial possession of the premises, on condition of the cash payment stipulated; but he fraudulently refused to make such payment, and, by false representations to the military au-

[Brassell *v.* McLemore.]

thorities, then in control of the country, obtained the entire possession through their forcible ejectment of his tenants ; that he has nevertheless received full payment for the personal property, and has accepted money paid by the complainant on account of the land ; and that he was willing to accept payment for the land in specie, or its equivalent at the date of the contract.

As the defendant, by his subsequent action, must be held to have waived any right he may have had to a rescission of the contract, the only question to be considered is, whether the complainant is entitled to a specific performance, on payment of whatever sum may still be due in treasury-notes of the United States.

The acts of congress of February 25, 1862, and March 3, 1863, making these treasury notes a legal tender in payment of all private debts without exception, has been construed by the United States supreme court definitely in *Knox* v. *Lee* (12 Wall. 457), to apply to debts contracted before their passage, as well as to those since. In the former case, the understanding of the parties undoubtedly was, that payment should only be made in specie, or its equivalent. Specie was the only lawful tender. The states had no authority to give such character to any other kind of currency, and congress had not done so. The acts referred to were dictated by the gravest national exigency, and were enacted in the highest exercise of national sovereignty. Of what utility would they have been, if the citizens, by express stipulation in their contracts for payment in gold and silver, could have evaded them ? The complainant's liability to the defendant was a *debt*, and, therefore, was payable in the treasury-notes, no matter what their agreement was. Perhaps, a contract for the delivery, as a commodity, of so much gold and silver, whether denominated by weight, or by the stamp impressed on it, might be enforced according to the agreement of the parties. But even this could not be done, if it bore any evidence of an intention to evade the statutes. 12 U. S. Stat. at Large, 345, 709 ; *Knox* v. *Lee,* 12 Wall. 457 ; *Bigler* v. *Waller,* 14 Wall. 297 ; *Glover* v. *Robbins,* at the January term, 1873.

The decree is reversed, and the cause remanded.