# CHARLESTON.

MILLER v. JONES *et als.*

Submitted June 5, 1909.  Decided January 24, 1911.

1. SPECIFIC PERFORMANCE—*Rights of Vendee—Breach of Contract by Vendor.*

    Where the vendor sells land by written contract providing for the payment of the purchase money in future installments, and for the making of a deed when all the purchase money is paid, and afterwards breaks, and wholly repudiates his contract, the vendee may have specific performance immediately, and without waiting until the time of complete performance.

2. SAME—*Decree.*

    But he can only have performance according to the terms of the contract.  The court can not compel the vendor to receive the purchase money until it is due and payable according to the terms of the agreement.

Appeal from Circuit Court, Marshall County.

Bill by Wilson Miller against A. J. Jones.  Decree for plaintiff, and Jones appeals.

*Reversed and Remanded.*

*Simpson & Showacre,* for appellant.
*McCamic & Clark,* for appellee.

WILLIAMS, PRESIDENT:

A. J. Jones sold to George Downs a lot of ground in the City of Moundsville by written contract, dated April 5, 1906.  The consideration recited is six hundred and forty-nine dollars and sixty-five cents, and is to be paid as follows: .

"Twenty-five dollars to be paid on the date of this agreement, and ten dollars on the last of each month until fully paid, with interest at the rate of 6 per cent. monthly.  A. J. Jones to make a warranty deed when the lot is paid for with interest."

The contract further provides that, "Said Downs is to pay A. J. Jones, the amount of money equal to city, county and state taxes in addition to above stated amount.

"Said Downs is also to pay said Jones an amount of money in addition to the above which equals the city, county and state tax on $610.00, for the year 1906, only."

Downs did not make the cash payment, but he did make five

payments of ten dollars each on this purchase, the last one on June 16, 1906. On September 1, 1906, Downs assigned his contract to Wilson Miller, the plaintiff. Jones refused to recognize the rights of the assignee, and refused to carry out his contract, and Miller sued to have it specifically enforced. On the 9th of March, 1908, the circuit court of Marshall county decreed relief to plaintiff, and from that decree Jones has taken this appeal.

Counsel for appellant contend that the suit was prematurely brought; that specific performance could not be had until the time arrived for the complete execution of the contract by the making of a deed by the vendor; that the time for appellee to demand his deed had not arrived. We do not so understand the law. A party to a contract, enforceable in equity, may sue to establish his rights thereunder as soon as the other contracting party has repudiated it, notwithstanding the time for full performance may not have arrived. In the present case Jones is not required to make a deed for the land until all the payments are made; and the last payment is not due until about five years after the suit was brought. There was nothing for Jones to do in the meantime except to receive the payments as they became due. This he refused to do and declared that he would not carry out the agreement. Plaintiff, therefore, had a right to sue to compel defendant to maintain the contractual relation until the time for executing the deed should arrive. It is very probable that, under such conditions, his failure to sue promptly, after knowledge of the breach, would be construed by a court of equity as an acquiescence in the breach and as an abandonment of his right. The following cases support the proposition that suit may be brought as soon as the contract is wholly broken even though the time for complete performance has not arrived: *Roehm* v. *Horst,* 178 U. S. 1; *White* v. *Dobson,* 17 Grat. 262; *James* v. *Kiebler's Adm'r.,* 94 Va. 165; *Lee* v. *Mutual &c. Ins. Ass'n,* 97 Va. 160; *James* v. *Adams,* 16 W. Va. 245; *Davis* v. *Grand Rapids &c. Co.,* 41 W. Va. 717; *Pancake* v. *George Campbell Co.,* 44 W. Va. 82.

Most of the above cases were actions at law for damages for breach of contract, but we do not perceive that any different rule applies in equity, provided the contract is such an one as equity can and will enforce specifically. In case of such a con-

tract the injured party may elect his remedy; he may either sue at law for the breach, or he may sue in equity for specific performance. Pomeroy's Spec. Per. of Con., section 4; 36 Cyc. 747.

*Hochster* v. *De La Tour*, 6 Eng. Rul. Cases 576, is a leading English case on the question of the right to maintain an action for the anticipatory breach of a contract, and the principle announced in that case has been followed by our own court in *James* v. *Adams, supra,* and in *Pancake* v. *George Campbell Co., supra.* In *Hochster* v. *De La Tour, supra* plaintiff had employed defendant for three months beginning June 1, 1852, at a certain price per month to travel with him, as courier. He repudiated the contract of employment, before the time had arrived for plaintiff's services to begin. Plaintiff immediately brought his action, and in his declaration alleged that defendant had wholly refused to employ him and wholly discharged him from the performance of the contract and from being ready and willing to perform it. Upon a motion in arrest of judgment the court held that, "after the refusal by the defendant to employ, the plaintiff was entitled to bring an action immediately and was not bound to wait until after the day agreed upon for the commencement of performance had arrived."

In *Davis* v. *Grand Rapids &c. Co.*, 41 W. Va. 717, the principle was announced as follows in point 1 of the syllabus: "Where a party to a contract notifies the other that he does not intend to abide by or perform it, the other may bring an immediate suit for such damages as he may thereby have sustained, without waiting for the time of performance to expire."

The contract, in the present case, being of that general class of contracts which equity will specifically enforce, we see no reason why plaintiff may not maintain his suit, notwithstanding the time has not arrived for complete performance of the contract. He had a right to a decree declaring the contract to be binding on Jones who had already wholly repudiated it, and also a right to have some means provided whereby he could perform his part of it, such as the designation by the court of some person to whom he could make payment, as Jones had refused the money when tendered to him.

The right of a vendor to sue for specific performance of a contract for the sale of land, providing for payment of the pur-

chase money in the future by instalments, whenever the vendee has broken the contract by failure to pay any one of the instalments and before the others are due, is not questioned. 29 A. & E. E. L. 720; *Ayres* v. *Robinson,* 30 Grat. 105; *Smith* v. *Henkle,* 81 Va. 524; *Kane* v. *Mann,* 93 Va. 248. Although such suits are usually spoken of by the law writers as suits for the enforcement of liens, nevertheless, strictly and technically, they are suits for specific performance. It is one of the fundamental principles applicable to such suits, that the rights of the parties must be mutual, that is, capable of enforcement by either party in case of a breach by the other, else equity will not give relief. Now, if Jones had been willing to carry out the contract, and Downs or Miller, his assignee, had not, and Jones had sued for specific enforcement because of failure to pay the purchase money, he would have been entitled to a decree compelling performance. Why, therefore, may not the plaintiff Miller have a decree compelling performance by Jones upon Jones' positive denial of the contract and his refusal to accept the purchase money? We perceive no good reason in law why he should not have such right, and we, therefore, hold that his suit was not prematurely brought. In support of this view we cite the following authorities: *White* v. *Dobson,* 17 Grat. 262; *Balanewsky* v. *Gallaher,* 105 N. Y. Sup. 77; *Payne* v. *Melton,* (S. C.), 45 S. E. 154; *Brassell* v. *McLemore,* 50 Ala. 476.

In decreeing specific performance, however, the Court has no power to decree performance in any other manner than according to the agreement. 36 Cyc. 789, and numerous cases cited in Note 42; *Rousmanerie's Admr.,* 1 Peters 1; *Rison* v. *Newberry,* (Va.) 18 S. E. 916; *Grey* v. *Tubbs,* 43 Cal. 359.

"Courts will not assume to make a contract for the parties which they did not choose to make for themselves." 1 Beach's Modern Law of Contract, section 707.

In the present case the decree recites that Jones declined to receive the amount of money then due, whereupon the court decreed that Miller might pay the whole purchase price with interest to that time, which it found to be $640.00, to the general receiver of the court, and Jones should thereupon make to him a warranty deed for the land. This was not according to the terms of the contract, and is clearly erroneous. The decree should have provided for the payment into the hands of the

receiver, at that time, only the amount of money then due, in-cluding interest and city, county and state taxes for 1906, on $610.00, as per the agreement; and should have decreed the payment of the future instalments to the receiver as they respectively became due, with interest on each of said payments from the date of the contract, at the rate of six per cent. per annum. It should also have provided for the payment of the annual city, county and state taxes by Miller, as the contract clearly binds the purchaser to pay such taxes, "in addition" to the purchase price named. Possession was delivered to Downs, but title was to remain in Jones until the purchase money is all paid; hence Jones would be assessed with taxes. The contract binds Miller to pay the taxes on the property, or their equivalent, from, and including, the year 1906. If it were possible for us to determine, from the record, the amount of money due at the date of the decree, this error might be corrected and the decree affirmed. But there is no proof whatever of the amount of taxes for city, county and state, chargeable on $610.00 for 1906. This should have been ascertained and included in the decree for the money then due. We will, therefore, reverse the decree and remand the cause for further proceedings. *Reversed and Remanded.*

MILLER and ROBINSON, JUDGES, dissent. They would affirm the decree.