# Burrow *v.* Clifton.

## *Specific Performance.*

(Decided April 9, 1914.　65 South. 58.)

1. *Specific Performance; Bill; Time of Filing.*—A bill for specific performance should not be filed until the arrival of the time when the grantor was bound to make a conveyance.

2. *Same; Parties.*—Where a husband entered on land under a contract of purchase, and made it his homestead, and upon his death, the homestead was transmitted to the minor children, such children and the widow, are necessary parties to a bill for specific performance of the contract.

3. *Same; Venue.*—Under section 3093, Code 1907, a bill for specific performance may be filed either in the county in which the respondent resides or in the county in which the real estate is situated.

4. *Homestead; Property Subject to.*—Under section 4160, Code 1907, the head of a family has a homestead in land upon which he entered under a contract of purchase, and on which he has made his home, and this right passes to the widow and minor children under sections 4196, 4198, Code 1907, subject to the prior right of the vendor to collect the purchase price.

5. *Injunction; Protection of Homestead; Ejectment.*—Where the homestead right of a father and husband in land upon which he has entered under contract of purchase is transmitted on his death to his widow and minor children, equity will protect the widow's right to possession by injunction, and prevent the vendor from ousting her pending the life of the contract.

[Burrow v. Clifton.]

Appeal from Clay County Court.

Heard before Hon. E. J. Garrison.

Bill by C. D. Clifton against J. W. Burrows for specific performance. Decree for complainant and respondent appeals. Affirmed.

Denson & Overton, for appellant. There is no equity in the bill.—§§ 4196, 4207, Code 1907. The Clay county court had no jurisdiction.—§ 3093, Code 1907; *Harwell v. Lehman,* 72 Ala. 344. Complainants were not parties to the contract, and not entitled to specific performance. —1 Dan. Ch. 285; Waterman on Specific Perf. § 63. There can be no homestead in lands the title to which was not in decedent at the time of his death.—*Jones v. Woodstock I. Co.,* 95 Ala. 551; *McCain v. McCain,* 12 Ala. 510.

Walter S. Smith, for appellee. The jurisdiction is in either the county of respondent's residence, or the county where the land is situated.—§ 3093, Code 1907; *Reeves v. Brown,* 103 Ala. 537; *Harwell v. Lehman,* 72 Ala. 344; *Ashurst v. Gibson,* 57 Ala. 584. All persons materially interested in the subject-matter of the suit must be made parties.—Storey's Eq. Pl. § 73; *Harwell v. Lehman, supra.* The homestead passed to the widow and minor children, or such rights in the homestead as the husband had at the time of his death.—*Robinson v. Allison,* 97 Ala. 496; *Stiff v. Cobb,* 126 Ala. 387; *Landford v. Lee,* 119 Ala. 248; *Mitchum v. Moore,* 73 Ala. 542. Complainants were entitled to have the contract specificaly performed.—*Ross v. Sparks,* 93 Ala. 153; *Davis v. Roberts,* 89 Ala. 402; *Oliver v. L. I. Co.,* 82 Ala. 417. The court properly enjoined the ejectment suit, as the widow had a right to hold pending the time of the contract.—*Bank of B'ham. v. Roden,* 97 Ala. 404;

[Burrow v. Clifton.]

*Meyer v. Mitchum,* 75 Ala. 475; *Moses v. McLean,* 82 Ala. 370.

SAYRE, J.—This bill was filed by appellee to enforce the specific performance of a contract by which appellee's husband, now dead, assumed to buy and appellant to sell a certain 80-acre tract of land in Randolph county, and to enjoin an action of ejectment brought by appellant against appellee for the recovery of the land. By the contract, of date December 20, 1909, appellee's husband, W. L. Clifton, agreed to pay $900 in equal annual installments of $180, due November 1st in 1910, 1911, 1912, 1913, and 1914. All installments paid, appellant agreed in writing to make a warranty deed. Clifton, with his wife and minor children, went into possession, and since then the land has been occupied as a homestead. Clifton paid the first installment when due, and, though he died before the due date of the second, he had anticipated that in good part, and his widow paid the balance when due. Long before the third installment fell due, appellant brought his action at law against appellee for the recovery of the land. Thereupon, on August 26, 1912, appellee filed her bill.

As a bill for specific performance the bill cannot be maintained for two reasons: The bill is prematurely filed; to such a bill seasonably exhibited in the right of a deceased vendee his heirs must in the ordinary case be parties.—*McKay v. Broad,* 70 Ala. 377. And where the homestead is transmitted to and becomes absolute in minor children, they at least must be parties. So, then, the equity of the bill at this time depends upon the character of appellee's interest in the land as widow of the deceased vendee and the necessity that the court of equity should intervene to protect her possession pending the performance of the contract.

Appellant makes the preliminary objection to appellee's bill that the latter has mistaken the venue; that her bill should have been filed in Randolph county, where the land is. Appellant lives in Clay, and for that reason appellee's bill was filed in that county. Appellee, as the statute prescribing the venue of bills in equity (Code, § 3093) has been construed, might have filed her bill in either county.—*Ashurst v. Gibson,* 57 Ala. 586; *Harwell v. Lehman,* 72 Ala. 345; *Reeves v. Brown,* 103 Ala. 537; 15 South. 824.

The statute, declaring the constitutional right, provides that the homestead of every resident of this state "shall be, to the extent of any interest he may have therein, whether a fee or less estate, or whether held in common or in severalty, exempt."—Code, § 4160. It also provides that "the homestead of any resident of this state, leaving surviving him at his death a widow and minor child or children * * * shall be exempt from administration and the payment of debts in favor of such widow and minor children, or either, in any event, during the life of the widow, or the minority of the child or children, whichever may last terminate."—Section 4196. And in certain condition the title of the homestead vests absolutely in the widow and children.—Section 4198. So that decedent vendee had a homestead in the land, which, though his title was merely equitable, the Constitution and the statute exempted to him, cannot be denied.—*Tyler v. Jewett,* 82 Ala. 93, 2 South. 905. This homestead right in the widow and children is subordinate to appellant's security for the purchase money. But the right and title of decedent, on the other hand, could not be defeated, except by a failure to make the payments stipulated in the agreement of purchase or abandonment of the contract in some other way. Decedent's right under the contract,

constituting his title to the homestead, was transmitted by the statute to the widow, who took in common with the minor children as a necessary incident to and evidence of their right to the continued enjoyment of the homestead as exempt from administration or the payment of debts, other than the purchase price, or for division among heirs. If this were not so, "the homestead exemption would be deprived of the feature which chiefly recommends it to favor."—21 Cyc. 563; *Garland v. Bostick,* 118 Ala. 209, 23 South. 698. Whether the widow and children in this case have a fee, so to speak, in the equity, or some lesser estate, is immaterial. They are entitled, the widow as much as any of them, to their joint possession of the homestead. But appellee's interest in the homestead, like that of her joint tenants, being as yet a mere equity, which may or may not ripen into a legal title, and her right of possession not being secured by any contract between her and appellant, nor derived by inheritance from decedent, equity will extend its arm, pending the life of the contract, to prevent appellant ousting her possession by means of the legal title resident in him.—*Tyler v. Jewett, supra.*

The chancellor's decree was correct and will be affiremd.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.