DIXON v. ANDERSON.

(Circuit Court of Appeals, Fourth Circuit.   July 26, 1918.)

No. 1630.

1. CONTRACTS ⊚⟹313(1)—ANTICIPATORY BREACH.
    If one of the parties to an executory contract avowedly and unequivo-
cally repudiates it, the other party is not obliged to wait until the time
fixed for performance, but may sue to establish his rights as soon as the
contract is broken.

2. EXCHANGE OF PROPERTY ⊚⟹1—CONTRACT—CONSTRUCTION.
    A contract by which defendant agreed to sell plaintiff certain apart-
ment houses, and plaintiff agreed to sell defendant a farm, fixing the
date of transfer and the adjustment of taxes, interest, and insurance, but
in which neither party expressly agreed to buy the other's property, was
an agreement for an exchange of properties, and not merely two sepa-
rate and distinct options to purchase.

3. EXCHANGE OF PROPERTY ⊚⟹3(1)—CONTRACT—CONSIDERATION.
    The agreement of one party to exchange certain property was the
consideration for the similar agreement of the other party, so that both
became bound by signing a written contract.

4. EQUITY ⊚⟹362—BILL—DISMISSAL—GROUNDS.
    On a bill for specific performance, an objection by defendant that the
contract could not be enforced, because it was not signed by his wife, not
arising on the allegations in the bill, furnished no ground for its dismissal.

5. SPECIFIC PERFORMANCE ⊚⟹106(1)—PARTIES—WIFE OF DEFENDANT.
    On a bill for specific performance of an agreement for an exchange of
properties, not signed by defendant's wife, she was not a necessary party,
as, if she was unwilling to join in the conveyance, the court might never-
theless require defendant to execute a deed in accordance with his con-
tract.

6. SPECIFIC PERFORMANCE ⊚⟹117—WIFE'S JOINDER IN HUSBAND'S CONVEY-
    ANCE—MATTERS TO BE PROVED.
    A wife's willingness to join in her husband's conveyance or exchange
of properties need not be affirmatively shown, as the law presumes her
willingness to unite with him in conveying the property which he has
agreed to convey.

7. SPECIFIC PERFORMANCE ⊚⟹129—RELIEF—PARTIAL PERFORMANCE.
    Where defendant contracted to sell plaintiff two apartment houses for
a certain sum in exchange for a farm, and, before plaintiff's suit for
specific performance, disposed of one of the houses, he would be com-
pelled to convey the other to plaintiff, and to pay plaintiff the ascer-
tained value of the one sold.

Appeal from the District Court of the United States for the Eastern
District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Bill for specific performance by C. S. Dixon against T. J. Ander-
son.   Decree for defendant dismissing the bill without prejudice, and
plaintiff appeals.   Reversed and remanded.

Luther B. Way, of Norfolk, Va. (Pender, Way & Foreman, of Nor-
folk, Va., on the brief), for appellant.

Harry K. Wolcott and H. C. Sherritt, both of Norfolk, Va. (Wol-
cott, Wolcott, Lankford & Kear, of Norfolk, Va., on the brief), for ap-
pellee.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before PRITCHARD and KNAPP, Circuit Judges, and CONNOR, District Judge.

KNAPP, Circuit Judge. On defendant's motion the court below dismissed plaintiff's bill without prejudice, and he appeals. The allegations of his bill may be thus summarized:

Under date of May 24, 1917, both parties signed a contract, drawn by themselves, by which Anderson agreed to sell to Dixon two apartment houses in the city of Norfolk, Va., known as the West End and the Panacea, for the sum of $50,000, and Dixon agreed to sell to Anderson a farm in Beaufort, N. C., with certain live stock and farming implements, for the sum of $40,000. Anderson did not in express terms agree to buy the farm, nor did Dixon in express terms agree to buy the apartment houses. The concluding paragraph of the contract reads as follows:

"This agreement is written in duplicate, and is signed and agreed to by both of parties named, which is attached hereto and is witnessed. This transfer is to take effect as of December 1, 1917. Tax, interest and insurance to be prorated as of this date."

About July 16, 1917, Anderson served written notice on Dixon that he would not carry out the contract, and Dixon in turn promptly notified Anderson that he intended to fully perform on his part, and that he expected Anderson to do the same. A few days later, by deed dated July 24, 1917, Anderson, without the knowledge of Dixon, sold the West End apartment to one Fox. On learning of this two or three weeks afterwards, Dixon instructed his representative to ask Anderson whether he intended to carry out the contract; but Anderson again declared he would not, and that he repudiated it altogether. Thereupon, on the 4th of September, Dixon brought this suit for specific performance. Besides the usual averments that plaintiff has at all times been ready, able, and willing to fully perform his part of the contract, and that defendant has wholly refused to perform, the bill alleges an agreement between the parties, when the contract was signed, that the price of the West End was $30,000, and the price of the Panacea $20,000. A copy of the contract is filed as an exhibit and made a part of the bill. The prayer for relief is to the effect, among other things, that if the court be without power to compel a conveyance of the West End apartment, because of its sale to an innocent third party, the defendant be required to convey the Panacea apartment, and that plaintiff have a money judgment for the balance due him in that case, according to the agreed values of the respective properties.

[1] In support of the decree of dismissal it is argued that the suit was prematurely brought, because the contract was not to be performed until the following December. The contention is clearly untenable. It is well settled that, if one of the parties to an executory contract avowedly and unequivocally repudiates it, the other party is not obliged to wait until the time for performance arrives, but may sue to establish his rights as soon as the contract is broken. Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953; Payne v. Melton, 67 S. C. 233, 45 S. E. 154; 36 Cyc. 771; Miller v. Jones, 71 S. E. 248, 68 W. Va.

526, 36 L. R. A. (N. S.) 408. In the last-named case, which appears directly in point, the court cites a number of Virginia and West Virginia decisions, and says:

"Most of the above cases were actions at law for damages for breach of contract; but we do not perceive that any different rule applies in equity, provided the contract is such a one as equity can and will enforce specifically. In case of such a contract the injured party may elect his remedy; he may either sue at law for the breach, or he may sue in equity for specific performance."

[2, 3] It is also argued that the contract is unenforceable for want of consideration, because plaintiff did not expressly agree to buy the apartment houses, and defendant did not expressly agree to buy the farm. It is even contended that no mutual contract was entered into, but that the writing in question merely "contains two separate and distinct options to purchase, each option as widely separated as though written on separate sheets of paper." This can hardly be regarded as a serious contention, since it is obvious from the instrument itself that what the parties intended and agreed to was an exchange of properties, and nothing else can be made of it. In no other reasonable way is it possible to explain the simultaneous promise of each to sell to the other, and the joint provision for adjusting taxes, interest, and insurance as of a stated date. It follows that the agreement of one party was the consideration for the agreement of the other party, and that both became bound by signing the undertaking. Butler v. Thomson, 92 U. S. 412, 23 L. Ed. 684; Lenman v. Jones, 222 U. S. 51, 32 Sup. Ct. 18, 56 L. Ed. 89; Preble v. Abrahams, 88 Cal. 245, 26 Pac. 99, 22 Am. St. Rep. 301; Ferguson v. Getzendaner, 98 Tex. 310, 83 S. W. 374; Smokeless Fuel Co. v. Seaton, 105 Va. 170, 52 S. E. 829; 9 Cyc. 333; 39 Cyc. 1206.

[4-6] It is further argued that the contract cannot be enforced, because it was not signed by defendant's wife, and she is not made a party to the suit. But this objection does not arise on the allegations of the bill, and therefore furnishes no ground for its dismissal. The wife is not a necessary party, and her willingness to join in the conveyance need not be affirmatively shown. Campbell v. Beard, 57 W. Va. 501, 50 S. E. 747. In a case like this the law presumes that the wife will be willing to unite with her husband in conveying the land which he has agreed to sell. If the fact turns out otherwise by answer and proof, the court may nevertheless require the husband to execute a deed in accordance with his contract. Rodman v. Robinson, 134 N. C. 503, 47 S. E. 19, 65 L. R. A. 682, 101 Am. St. Rep. 877; Brown v. Eaton, 21 Minn. 409. And so it is distinctly held by the Supreme Court of Appeals of Virginia in Steadman v. Handy, 102 Va. 382, 46 S. E. 380; the headnote reading as follows:

"If the vendee is willing to accept the title contracted for, his rights are unaffected by the outstanding inchoate right of dower of the vendor's wife. Nor can the vendee be defeated in his right to specific performance of the contract according to its terms by the fact that he may ultimately have to resort to the covenant of general warranty contracted for to protect himself against a claim of dower asserted by the vendor's wife after the death of her husband."

Of the objection that no specific provision was made for the payment of the $10,000, which on the face of the contract would be due from plaintiff to defendant, it is enough to say that defendant's sale of the West End apartment, in violation of his agreement with plaintiff, has taken that question out of the case. Nor would it stand in the way if defendant were now able to fully perform his engagement, since in that case the court would require plaintiff to pay the agreed difference, which is a matter of the simplest calculation, between the value of the farm and the value of the apartment houses.

[7] It goes without saying that defendant should not be excused from such performance as is yet in his power, because complete performance has been prevented by his own wrongful act. The contract signed by him is of unmistakable import, its terms and subject-matter are perfectly definite, and its validity not open to serious question. If in disregard of his obligation he has put himself in a position where he cannot convey both the apartments, it is only just that he be compelled to convey the one he still holds, and to pay plaintiff the ascertained value of the one he has sold.

The decree appealed from must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes