### KRAFT *v.* HENDRY *et al.*

ATKINSON, J.  In June, 1918, four persons engaged as partners were conducting a mercantile business in a building occupied by them under a written lease which would expire on October 1, 1918.  During the month first mentioned one of the partners, acting for his firm as then existing, entered into a parol agreement with the owner of the building for the execution of a new lease for another term of three years commencing October 1, 1918, at an increased rental.  Under the agreement the lease was to contain, among other covenants upon the part of the lessees, one to keep the building in repair, and another that the lessees should not assign without written consent of the lessor; and the owner was to prepare the lease.  The new lease was not prepared, and during the same month, which was before the expiration of the old lease, the owner, upon being requested by another of the copartners, refused to execute a new lease.  The copartners continued in possession of the building after expiration of the old lease, and each month until September, 1919, paid the increased rent in accordance with the parol agreement.  In January, 1919, one of the partners sold his interest in the partnership business to his three copartners, and retired from the business.  During the month in which the parol agreement was made the copartners had the opportunity of leasing another building, but, on faith of the promise of the owner to execute the new lease above mentioned, abandoned negotiations for the rental of such other building, and thereby lost the opportunity of getting another building in the immediate vicinity where their business was established.  In November,

1919, after commencement of statutory dispossessory proceedings by the owner, the three remaining copartners instituted an equitable action against the owner of the building, alleging in substance all that is stated above, and praying for injunction, and that the defendant be required, on the basis of the parol agreement, to execute a lease to them. *Held*: Whether or not there was such part performance of the agreement as would take it out of the statute (Civil Code, § 3222, par. 5), requiring contracts not to be performed within a year to be in writing (Civil Code, § 3223, par. 2, 3; 2 Beach on Contracts, § 949), nevertheless one of the copartners, a party to the parol agreement, having sold out to the others and retired from the partnership, equity will not compel the owner of the land, on the basis of the parol agreement, to execute a lease to the three remaining parties. The owner of the land would have been entitled to look to each of the parties for the preservation of his property and payment of the rents. *Boone* v. *Sirrine*, 38 *Ga.* 121; Civil Code, § 3691. To require the owner to execute a contract which leaves out one of the partners would in effect, compel him to execute a contract substantially different from that which he had agreed to make. Equity will not require that to be done. Civil Code, § 4318; 36 Cyc. § 789; Miller *v.* Jones, 36 L. R. A. (N. S.) 408 (68 W. Va. 526, 71 S. E. 248). Applying the principles announced above, it was erroneous to overrule the demurrer to the petition.

*Judgment reversed. All the Justices concur.*

No. 1789. MAY 11, 1920.

Equitable petition. Before Judge Meldrim. Chatham superior court. December 1, 1919.

*Osborne, Lawrence & Abrahams,* for plaintiff in error.
*Jacob Gazan* and *Gignilliat & O'Neal,* contra.