NEHEMIAH P. CORNEY, Respondent, *v.* THE KLINE BUILDING
AND CONSTRUCTION COMPANY, Appellant.

Second Department, May 14, 1920.

**Vendor and purchaser — suit for specific performance — anticipatory
breach of contract by vendor — mutuality of contract — implied
promise to purchase.**

The rule which limits actions at law for anticipatory breach of contract to
those based on contracts to marry, for personal services and for the manu-
facture and sale of goods, does not apply to suits in equity for specific
performance.

A purchaser may maintain a suit in equity for the specific performance of
the contract though the time for performance on the part of the vendor has
not arrived, where the vendor has committed an anticipatory breach of
the contract by refusing to accept the consideration tendered by the pur-
chaser and repudiating the contract.

A contract will not be specifically enforced unless it is mutual not only in
its obligation but also in its remedy.

Although the purchaser did not in express terms agree to buy the land, such
promise was clearly implied as the contract was by its terms an " agree-
ment " between the parties signed by both of them, and an initial payment
was made by the purchaser when the contract was executed.

APPEAL by the defendant, The Kline Building and Construc-
tion Company, from a judgment of the Supreme Court in
favor of the plaintiff, entered in the office of the clerk of the
county of Kings on the 24th day of December, 1919, upon the
decision of the court rendered after a trial at the Kings County
Special Term decreeing that the defendant specifically per-
form a contract for the sale of real property.

*Frank W. Holmes,* for the appellant.

*Adolph Feldblum* [*Henry Muller* with him on the brief], for
the respondent.

BLACKMAR, J.:

The contract for the sale of the real property was made on
the 17th of June, 1919. The plaintiff, who was the purchaser,
paid $200 on signing the contract; $1,200 was to be paid on
June twentieth, and the title was to be closed on July fifteenth.
On June twentieth, at the appointed place, the plaintiff
attended and tendered the $1,200, but the defendant refused it

and repudiated the contract, claiming that it could not be enforced against him. The plaintiff thereupon began this action without awaiting the time fixed for closing the title. He obtained a judgment for specific performance according to the terms of the contract, and the defendant appeals, claiming that the action was prematurely brought.

The rule which limits actions at law for anticipatory breach of contract, to those based on contracts to marry, for personal services, and for the manufacture and sale of goods (*Kelly* v. *Security Mutual Life Ins. Co.*, 186 N. Y. 16), does not apply to suits in equity for specific performance. If the vendor in a contract for the sale of land refuses to recognize the validity of the contract, no reason is perceived why the vendee should by delay take the risk of the complications which would result if the vendor should sell to another. A court of equity can always mould its relief so that the contract will be enforced as made, although the action is brought, or even tried, before the date fixed for closing. There is a difference in principle between an action for damages on the theory that the contract is ended by the breach of the defendant, and a suit in equity based on the theory that the contract continues in force. The right to resort to equity to protect and enforce the contract before the time for performance is recognized in both the cases cited by the appellant, where an action for damages for an anticipatory breach of a contract of life insurance was denied. (*Langan* v. *Supreme Council Am. L. of H.*, 174 N. Y. 266; *Kelly* v. *Security Mutual Life Ins. Co.*, *supra*.) The authorities amply sustain the doctrine in its application to an action for specific performance of a contract for the sale of real property. (*Payne* v. *Melton*, 67 S. C. 233; *Miller* v. *Jones*, 68 W. Va. 526; *Bear* v. *Fletcher*, 252 Ill. 206; *Bogard* v. *Barhan*, 56 Oreg. 269; *Parks* v. *Monroe*, 99 Kan. 368.)

But the appellant claims that the contract was unilateral in that it contained no express promise on the part of the plaintiff to purchase, and, therefore, not being mutually obligatory, an action for specific performance will not lie. The rule is well settled that a contract will not be specifically enforced unless it is mutual not only in its obligation but in its remedy (*Wadick* v. *Mace*, 191 N. Y. 1; *Levin* v. *Dietz*, 194 id. 376), and the appellant invokes this rule. The question,

then, is whether the contract binds not only the seller to sell but the buyer to buy.

Both parties signed the contract. It was by its terms an " agreement " between the parties. And at the date of execution the initial payment of $200 of the consideration was made by the purchaser. Although the vendee did not in express terms promise to buy, I have no doubt that such promise is plainly implied. The signing of the contract by the vendee would be an idle act unless he assumed some obligation by so doing. The word " agreement " itself connotes a mutual obligation. Finally, the payment by the vendee of the $200 as part of the consideration recognizes the obligation. (*Benedict* v. *Pincus*, 191 N. Y. 377; *Moran* v. *Standard Oil Co.*, 211 id. 187.)

The judgment should be affirmed, with costs.

Present — JENKS, P. J., MILLS, RICH, BLACKMAR and JAYCOX, JJ.

Judgment unanimously affirmed, with costs.