## No. 9817.

## LONG ET AL. v. WRIGHT.

Decided May 2, 1921.

Action for specific performance of a contract for the sale of real estate. Judgment for plaintiff.

### *Affirmed.*

1. REAL PROPERTY—*Vendor and Purchaser—Contracts.* As between one who contracts with an agent of the owner of real property to purchase and one who thereafter enters into a similar contract with the owner, the claim of the latter is superior, he having no actual knowledge of the other contract, which, though antedating his, was unrecorded. That he had notice at the time he recorded his contract and when he brought suit, is immaterial.

2. SPECIFIC PERFORMANCE—*Rights of Third Parties.* Specific performance of a contract for the conveyance of land will not be denied because of the intervening claims of a third party acquired after the execution and recording of the contract and the commencement of an action for the enforcement thereof.

3. CONTRACT—*Breach—Action.* An action may be brought immediately upon the repudiation of a contract for the conveyance of real property by the owner thereof, even though the purchaser has not completed his payments and the deed is not due under the terms of the contract.

4. SPECIFIC PERFORMANCE—*Third Parties.* Though specific performance is in the sound discretion of the court the court is not required to deny it merely because to grant it will work hardship on third parties.

*Error to the District Court of Cheyenne County, Hon. Arthur Cornforth, Judge.*

Mr. A. E. BOWE, Mr. WILLIAM H. GABBERT, for plaintiffs in error.

Mr. VIGGO H. JOHNSON, Mr. THOMAS WARD, JR., for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

WRIGHT brought suit and obtained a decree against Long and McCrumb, defendants, and Simpson, intervenor, for specific performance of a contract between Long and Wright for the conveyance of land.

1. The decisive question was whether Wright's contract, made with Long himself, the owner, on November 18, 1918, or Simpson's contract, made November 12, 1918, with McCrumb, Long's agent, was superior. Simpson, however, did not record his contract till after Wright got his and Wright appears to have been a *bona fide* purchaser for value with no actual notice of Simpson's rights. That he had notice when he recorded his contract and when he brought suit is immaterial. It follows that Wright's claims are superior to Simpson's.

2. It is argued that specific performance, by reason of the transaction with Simpson, and because he had granted certain rights in the land to one Malcom, was impossible. Simpson's claims were inferior to Wright's and it is possible to make him surrender them. Malcom's claims were acquired after Wright's contract was recorded and this action commenced.

3. It is claimed that Wright's action was prematurely brought because his last payment and the deed to him were not due until January 1st. Long, however, had repudiated the contract, and in such case suit may be immediately brought. 36 Cyc. 771, and cases there cited; *Corney v. Kline, etc., Co.,* 191 App. Div. 793, 182 N. Y. Supp. 15, *Stein v. Francis* (N. J. Eq.,) 109 Atl. 737, citing several cases; *Dixon v. Anderson,* 252 Fed. 694, 164 C. C. A. 534, *Roehm v. Horst,* 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953.

This rule is supported by the great weight of authority, and in the case last cited, the Supreme Court of the United States, after an elaborate review of the authorities, held that the repudiation before maturity of an executory contract with mutual obligations amounted to a breach thereof.

4.   We recognize that specific performance is a remedy in the sound discretion of the court, but the court has here exercised its discretion, we cannot say unsoundly, nor can we say, as is claimed by plaintiffs in error, that specific performance should be denied in this case because to grant it will do injustice to innocent third parties.

We do not think it necessary to notice the other points made by the plaintiffs in error.   Judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.