69 So.2d 267

**SALIBA v. BRACKIN et al.**

4 Div. 740.

Supreme Court of Alabama.

Dec. 17, 1953.

H. K. & J. F. Martin, Dothan, for appellant.

MERRILL, Justice.

The appellee, Mr. Brackin, filed a bill against appellant, Mr. Saliba, to quiet title to the south half of two lots in Dothan, Alabama. Mr. Saliba filed an answer and cross bill bringing in Mr. Newton as a cross respondent. Mr. Saliba's cross bill alleged that he and Mr. Newton entered into the following agreement:

"Know all Men by these present, that I W. Carl Newton, for and in consideration of the sum of One Hundred Dollars ($100.00) Down Payment to me in hand paid by 'Joe E. Saliba, $100.00 to be paid July 7, 1950, do hereby covenant and agree to sell to the said Joe E. Saliba, at and for the sum of Three Thousand Two Hundred Dollars ($3,200.00) the following property to-wit:

"Lots 1 and 2 in Block G and Lots 11 and 12 in Block H. of Highland Park Sub-Division in the City of Dothan, Houston County, Alabama and recorded in Platt Book 1 at page 40 in the Probate Office of Houston County, Alabama.

W. Perry Calhoun, Dothan, for appellees.

"On the 6th. day of October, 1950, the said Joe E. Saliba agrees to pay Twenty Five Dollars ($25.00) on each Lot and Twenty Five Dollars ($25.00) each 90 days thereafter until paid in full.

"The Party of the First Part agrees to execute unto the Party of the Second Part a Warrenty Deed to each of said Lots when the Party of the Second Part completes payment to the Party of the First Part, the remaining sum on each lot.

"Given under my hand and seal this 10th. day of April, 1950.

"Attest:
"Jean Frith Holland.
    (Signed) W. Carl Newton."

Mr. Saliba averred that he paid the first $100.00. He further averred that Mr. Newton sold Lots 1 and 2 in Block G and the north half of Lots 11 and 12 in Block H to one E. E. Dorroh, but that said Dorroh had no notice of the contract between Newton and Saliba, the conveyance to Dorroh having been prior to the recording of the agreement on January 17, 1951. He averred that on April 9, 1951, Mr. Newton conveyed the south half of Lots 11 and 12 in Block H to Mr. Brackin and that Mr. Brackin purchased with notice and knowledge of the written agreement.

Mr. Saliba's cross bill prayed (1) that the deed from Newton to Brackin be set aside and held for naught, (2) that the subordinate title Brackin received by said deed be divested out of him, (3) that Newton be required to specifically perform as to the lots conveyed to Brackin, (4) that a judgment for damages be rendered against Newton for breach of his contract in selling the lots to Dorroh and (5) for general relief.

The appellees Brackin and Newton in their answer to the cross bill set up forfeiture of the contract in that Saliba had only paid the first $100.00 and that he had consented for Newton to sell all the lots covered by the contract to any buyer he might find.

The evidence concerning the alleged forfeiture and the alleged consent was in direct conflict, but the lower court held there was no forfeiture or consent by Saliba for Newton to sell the lots, probably following Wilson v. Thompson, 255 Ala. 165 [3–4], 51 So.2d 20 [3–4]; Boozer v. Blake, 245 Ala. 389 [6], 17 So.2d 152 [6], and cases cited; and disallowed the defenses of appellees to the cross bill, holding that Brackin is the owner of the legal title to the property described in the original bill by virtue of his deed from Newton, but his title is subject to an enforceable equit-

able right by appellant and also held that the cross bill filed by Saliba be dismissed.

Mr. Saliba has appealed on the ground that the decree is inadequate and insufficient to grant him relief.

Part of the court's opinion and decree are as follows:

"The Court has very painstakingly read, in minute detail twice, all the testimony in this case and has carefully weighed and considered said testimony together with reasonable inferences to be drawn therefrom, and has reached the conclusion that the cross-defendants have, each, failed to carry the burden of proof resting upon them and each of them as to their defenses, and each of their defenses, and are not, therefore, entitled to relief based on said defenses or either of them.

"Premises considered, it is ordered, adjudged and decreed by the Court that Plaintiff, H. G. Brackin, is the owner of the legal title to the South half of lot 11 and the South half of lot 12 of Block H of the Highland Park Sub-Division of the City of Dothan, Houston County, Alabama, by virtue of the deed executed to him by cross-defendant, W. Carl Newton on the 4th. day of April, 1951, but that said legal title to said real estate is subject and subservient to the enforceable equitable rights of defendant and cross-plaintiff, Joe E. Saliba by virtue of the recorded contract of cross-plaintiff, W. Carl Newton with defendant and cross-plaintiff, Joe E. Saliba, dated April 10th. 1950.

"The Court will now consider the cross-bill of defendant which seeks a decree of specific performance of the contract made with him by cross-defendant, W. Carl Newton on the 10th day of April 1950. This contract is in writing and there is no dispute about the terms thereof. In cases of this character the Court has no authority to decree a specific performance of a contract other than as originally made between the parties. A party is not

entitled to a decree for specific performance until the time arrives, under the contract, for a conveyance to be made. ([Burrow v. Clifton] 186 Ala. 297 [65 So. 58]). Such time has not arrived, under the contract until more than seven years after April 10th, 1950, the date of aforesaid contract; * *."

It seems to us that there is a conflict in the decree in that the cross bill is dismissed but it is found "that the cross-defendants have, each, failed to carry the burden of proof resting upon them and each of them as to their defenses, * *.", and that the right of appellant to relief has been recognized but has failed to give him partial performance or an adequate remedy.

It is agreed by the parties to this appeal that no action for specific performance lies for those lots sold to Mr. Dorroh, because he was a bona fide purchaser without notice. Thus we are concerned only with those lots sold by Mr. Newton to Mr. Brackin.

In answer to that part of the decree which holds that the suit was filed prematurely, we would state the rule as found in 81 C.J.S., Specific Performance, § 116, page 650:

"A bill for specific performance filed before the time for performance has arrived is filed prematurely. (Burrow v. Clifton, 186 Ala. 297, 65 So. 58; Bessemer Coal, Iron & Land Co. v. Bullard, 215 Ala. 433, 111 So. 5.) Where the contract has been repudiated, the other party is entitled to sue at once, although the time fixed for complete performance has not arrived (City of Anniston v. Alabama Water Co., 207 Ala. 497, 93 So. 409; Alabama Water Co. v. City of Anniston, 223 Ala. 355, 135 So. 585), * * *. Even where the suit is premature it is nevertheless of no consequence if defendant elects to resist performance and defeat the action on the merits. (Thompson v. Yousling, 196 Iowa 363, 192 N.W. 826.) * * *."—parentheses supplied.

We are cognizant of the rule stated in First National Bank v. Haynes, 236 Ala. 133, 181 So. 495, 497, which is:

"'If the vendor's grantee is not entitled to protection as a bona fide purchaser for value, as where he takes with notice of the existing contract, he will take subject to the equitable rights of the purchaser and may be compelled, at the suit of the purchaser to perform the agreement by conveying the land, in the same manner, and to the same extent as the vendor would have been liable to do had he not transferred the legal title.' * * *"

Applying these principles to the instant case, we hold that Brackin stepped into the shoes of Newton, the vendor, and ordinarily would not be required to convey the land to Saliba until the purchase money was due and paid in full. Brackin could have defeated the cross bill for specific performance merely by showing that it was brought prematurely, but he joined with Newton in their answer, wherein they denied the efficacy of the contract between Newton and Saliba and sought to defeat the claim on its merits. This was similar in effect to the plea of non est factum in the case of Alabama Water Co. v. City of Anniston, supra. "Such renunciation was a repudiation of the contract by defendants and plaintiffs could then immediately bring suit for specific performance of the contract. 49 Am.Jur., Specific Performance, Sec. 142." Powell v. Moore, 204 Okl. 505, 231 P.2d 695, 705. See also Miller v. Jones, 68 W.Va. 526, 71 S.E. 248, 36 L.R.A., N.S., 408.

In Matthews v. Bartee, 209 Ala. 25, 95 So. 289, it was held that where the vendor (here Newton), under a contract to sell realty, sells the land to a third person (here Brackin), with notice of the contractual right of the vendee to purchase, such third person's rights in the premises are subordinate to those of the original vendee (here Saliba), and, if such vendee is found entitled to specific performance, the third person's interest is subject to divestiture in the process of effectuating specific per-

formance of the contract. See Forney v. City of Birmingham, 173 Ala. 1, 55 So. 618; Taylor v. Newton, 152 Ala. 459, 44 So. 583; Pomeroy's Specific Performance (3rd Ed.) page 946, § 465.

Thus we come to the question of whether the original vendee is entitled to partial performance and abatement in purchase price by way of compensation or damages.

Mr. Pomeroy in his Specific Performance of Contracts (3rd Ed.) page 903, § 438, says:

"The general doctrine is firmly settled, both in England and in this country, that a vendor whose estate is less than or different from that which he agreed to sell, or who cannot give the exact subject-matter embraced in his contract, will not be allowed to set up his inability as a defense against the demand of a purchaser who is willing to take what he can get with a compensation. The vendee may, if he so elect, enforce a specific performance to the extent of the vendor's ability to comply with the terms of the agreement, and may compel a conveyance of the vendor's deficient estate, or defective title or partial subject-matter, and have compensation for the difference between the actual performance, and the performance which would have been an exact fulfillment of the terms of their contract. * * *.", Citing Manning v. Carter, 192 Ala. 307, 68 So. 909; Minge v. Green, 176 Ala. 343, 58 So. 381.

In 49 Am.Jur. page 123, Specific Performance, § 105, the text is as follows:

"In actions by a vendee for the specific performance of a contract for the sale of real estate, where it appears that the vendor is unable to make a complete or perfect title, or that there is a deficiency in the quantity of land contracted to be sold, the general rule is that the vendee, if he so elects, is not only entitled to have the contract specifically performed to the extent of the vendor's ability to comply therewith by requiring him to give the best title he can or convey what he has, but he may compel the vendor to convey his defective title or deficient estate, and at the same time have a just abatement out of the purchase price for the deficiency of title, quantity, or quality of the estate to compensate for the vendor's failure to perform the contract in full. The vendee, in other words, may waive full performance and accept such title as the vendor is able to give, and if he chooses to do so, he has a right to that and to an abatement, and the court will not hear the objection, by the vendor, that the purchaser cannot have the whole."

This court said in Pearce v. Third Ave. Improvement Co., 221 Ala. 209, 128 So. 396, 399, "Specific performance pro tanto at the election of the vendee where full performance cannot be had has been a recognized remedy in equity from our earliest judicial history." (Citing cases)"; and on page 214 [6] of 221 Ala., on page 400 of 128 So. of the same case, "We find no error in granting complainant specific performance as to two-thirds interest, with abatement of the purchase money for the other interest as to which specific performance cannot be granted." Still further on page 214 of 221 Ala., on page 400 of 128 So. the court said:

"In applying equitable principles in fixing the terms of specific performance, one recognized rule is that the vendor in default shall not be rewarded for his own fault. On the other hand, specific performance is what the term implies—enforcement of the contract as nearly as may be to accomplish its purpose. The vendee is not due specific performance and also damages as for its breach.

"Damages are awarded, if at all, in adjusting the equities incident to proper relief by way of specific performance in the particular case."

In McCreary v. Stallworth, 212 Ala. 238, 102 So. 52, 53 it was said: "In fixing a just abatement, the prevailing rule is to allow a proportionate part of the purchase

money—the same measure of damages or compensation recoverable on breach of warranty of title, if the vendor had executed the contract." On rehearing in the same case the court said: "The other class is where the purchase money or a portion thereof is still unpaid. In such case, the court does not do the useless thing of requiring the purchase money paid, and then determining the damages, and causing same to be returned. It proceeds to abate the purchase money in the same measure it would require repayment. If the unpaid balance is not sufficient compensatory damages to the vendee, a decree for the residue will be rendered."

█ Defendants argue the contract is wanting in mutuality in its operation and effect. We said in Downing v. Williams, 238 Ala. 551, 191 So. 221, 224. "As for a want of mutuality, this doctrine only requires that the court decreeing specific performance, has the power and ability to compel the other party to perform his obligations. General Securities Corp. v. Welton, 223 Ala. 299, 135 So. 329. Complainants here have offered to do equity, and submitted themselves to the jurisdiction of the court wherein the decree to be rendered may be so moulded as to protect the rights of all parties and do complete justice between them."

Paragraph 6 of the cross bill reads:

"The cross complainant further avers that he paid One Hundred Dollars and 00/100 ($100.00) down payment to the said W. Carl Newton and ever since the 10th. day of April, 1950, has been at all times ready, willing and able to perform his obligations under said written contract, and he now offers to do complete equity, and submits himself to the jurisdiction of this Court, and agrees to pay any balance found by the Court to be due on that portion of the property now claimed by the cross respondent, H. G. Brackin."

It follows that the cause should be reversed as to the dismissal of the cross bill and remanded for the purpose of holding a reference as to the abatement of the purchase price by way of compensation or damages and adjusting the equities between the parties.

It is undisputed that the four lots were to be sold to Mr. Saliba at $800 each and some of them were sold for cash to Mr. Dorroh at the same price; and there is no question of rents since Mr. Saliba has never been in possession.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.