[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 949 
Appellant, Ernest R. Greene, brought suit in 1975 against A.W. Jones and Cadwallader Jones and their spouses for specific performance of a land sales contract executed between Greene and A.W. Jones in 1971. A.W. and Cadwallader Jones are brothers, the former practicing law in Birmingham and the latter residing in Oklahoma City. Greene is a real estate agent, residing and doing business in Birmingham. In 1970, A.W. Jones retained Greene to sell the property which is the subject of this suit. Unable to find a purchaser, Greene became interested in purchasing the land for himself; and, on August 4, 1971, he ordered a title binder which, in addition to showing A.W. Jones and Cadwallader Jones as joint tenants, showed that there were certain quitclaim deeds held by adjoining landowners, the Davis family. There was also some question whether the Davis family residence was built on Davis or on Jones property.
A standard real estate sales contract was signed by Greene and A.W. Jones on October 28, 1971, stipulating that the closing would be 30 days thence, but that the seller would have a reasonable length of time within which to perfect title. Although the contract was signed by only one of the Jones brothers, Greene maintains as the basis for his suit that A.W. Jones consistently represented that he had authority to act for his brother, Cadwallader, in all matters pertaining to the property.
Greene ordered a survey of the land on November 12, 1971. Shortly after completion of the survey, the Davis family brought a quiet title action against the Jones brothers. At the end of the suit, some two years later, there was an exchange of deeds and some redrawing of boundaries so that the Jones brothers then had good title to all the land described in the 1971 contract except for a small corner, comprising the Davis homestead, which was conveyed to the Davis family in return for an additional strip of land along the eastern border of the Jones property. Greene demanded performance, agreeing to limit the conveyance to that portion of the land described in the contract still owned by the Jones brothers; and, after their refusal to sell, Greene brought suit.
Except for granting the Plaintiff judgment for $500 (representing the return of his earnest money), the trial Court denied Plaintiff relief, stating: (1) that there was no written evidence of an agency relationship between the brothers, and Cadwallader Jones "admittedly has never given his consent to a sale of the realty;" (2) that damages against A.W. Jones would be inappropriate because, other than a prayer for general relief, Plaintiff sought only specific performance; and (3) that the executed contract did not accurately describe the property in question.
We note that this denial of relief came not at the conclusion of a full trial, but in the context of the trial Court's granting of the Defendants' motion for a "directed verdict" which was made at the conclusion of Plaintiff's case.[1] We note further that, if, in fact, the Defendants had *Page 950 
rested their case, foreclosing any evidentiary support of their allegations of denial, the evidence would have supported but a single conclusion, favorable to the Plaintiff's claim against each of the brothers. We reverse and remand as to Defendants A.W. Jones and Cadwallader Jones. Finding a total absence of evidence linking their spouses, or either of them, to the contract of sale, however, we hold that the "directed verdict" was appropriate as to these Defendants, Mrs. A.W. Jones and Mrs. Cadwallader Jones; and, accordingly, this aspect of the judgment below is affirmed.
It is Greene's contention that A.W. Jones acted as agent for his brother so as to bind both to the real estate sales contract. As evidence of the agency, Greene cites a letter written by A.W. Jones to Greene's attorney in response to the latter's demand for performance. The fact that A.W. Jones acted as one of the attorneys of record in the quiet title action filed against both brothers by the Davis family is also cited as evidence of the agency relationship. Greene contends, alternatively, that even if A.W. Jones was not authorized to act in his brother's behalf, his brother, Cadwallader Jones, nevertheless had knowledge of the contract and either ratified its contents or, by his silence, is now estopped to deny the contract of sale.
Because our disposition of this appeal remands the cause for further proceedings, to comment more fully on the tendencies of the evidence on the agency issue would be inappropriate. Suffice it to say, we are clear to the conclusion that, on the posture of the record before us, the trial Court acted prematurely in granting the Defendants' motion for judgment as to both or either of the Defendants, A.W. and Cadwallader Jones.
Whatever the trial Court concludes on the agency issue as to Cadwallader Jones's liability, however, does not necessarily preclude Plaintiff's equitable and legal remedies against A.W. Jones, who undisputedly signed a real estate sales contract with Plaintiff. In view of the joint interest in the land by the brothers, the only other issue concerning the contract, which remains to be determined upon remand, is whether A.W. Jones's agreement to sell was absolute or conditional. As is more fully discussed below, if A.W. Jones agreed to the sale only upon the condition of his brother's future consent, it follows that he could have committed no breach inasmuch as the trial Court, acting as the trier of fact, has already determined that Cadwallader Jones never expressly assented to the sale of the land. On the other hand, if the contract was not conditioned upon subsequent assent by his brother, Plaintiff is not precluded from relief as against A.W. Jones, even assuming the failure of his cause of action as against Cadwallader Jones.
A vendor who is able to convey some, but not all, that he contracted for is not allowed to set up his inability as a defense to liability in a suit for specific performance. If a vendor is unable to transfer title to all of the land that he contracted to convey, the vendee, or purchaser, may demand such performance as is within the vendor's ability. In such cases, the vendee, or purchaser, is entitled to specific performance with respect to that part which the vendor can convey, together with an abatement in price proportionate to the deficiency, or partial performance and damages but without an abatement in price. Saliba v. Brackin, 260 Ala. 103, 69 So.2d 267 (1953);McCreary v. Stallworth, 212 Ala. 238, 102 So. 52 (1924); Corbinon Contracts, Vol. 5A, § 1160 at 188.
There is similarly no merit to Appellee's argument that Appellant is not entitled to partial performance and/or damages because, other than a prayer for general relief, Appellant in the Court below sought only specific performance of the entire interest.
ARCP 54 (c) provides:
 "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." *Page 951 
This Rule was copied directly from Federal Rules of Civil Procedure, 54 (c) where the precise issue has been ruled upon. In Sapp v. Renfroe, 511 F.2d 172 (1975), the Fifth Circuit stated:
 "Rule 54 (c) of the Federal Rules of Civil Procedure has been construed liberally and under it the demand for relief in the pleadings does not limit, except in cases of default, the relief a court may grant when entering judgment. See Thorington v. Cash, 494 F.2d 582, 586 n. 9 (5th Cir. 1974). A party may be awarded the damages established by the pleadings or the facts proven at trial even though only injunctive relief was demanded in the complaint, unless such damages are foisted upon the parties by the court, or unless the failure to demand such relief prejudiced the opposing party. Robinson v. Lorillard Corp., 444 F.2d 791, 802-03 (4th Cir. 1971); see J. Moore, Federal Practice ¶ 54.62 (2d ed. 1974)." 511 F.2d at 176, n. 3.
As already discussed above, if it is determined on remand that Cadwallader Jones is not liable under agency or estoppel principles and that A.W. Jones's contract to convey was conditional upon his brother's later assent also to convey, it follows that no breach could have been committed, it having already been established that concurring assent was never given. Where one of several owners of property in common promises to join in a conveyance of the whole with others but does not promise that the others will so join and does not promise that he will convey his own interest separately, it is no breach by him to refuse to convey when the others will not or cannot join. Corbin on Contracts, Vol. 5A, § 1160, at 195-196; Jones v. McGivern, 274 Ala. 232, 147 So.2d 813 (1962).
It has, of course, not yet been determined conclusively that the contract signed by A.W. Jones was one to convey absolutely or conditionally. This remains to be determined upon remand. We note, however, that the written agreement, in the form of a standard real estate sales contract, is on its face an absolute promise to convey and any condition which would have formed part of the agreement would necessarily have to be established by parol evidence. Upon remand of this cause, Defendant A.W. Jones will have an opportunity to present his defense and show why the parol evidence rule should not operate in this case to preclude parol evidence to vary or contradict the written agreement between parties. See Hibbett Sporting Goods, Inc. v.Biernbaum, 375 So.2d 431 (Ala. 1979).
The next issue raised by this appeal is the result of apparent confusion concerning the nature of the requirement of certainty as applied to the equitable remedy of specific performance. It is a well settled principle of equity that a contract will not be specifically enforced, unless it is certain in its terms, or is capable of being made certain, under rules of law and evidence. Conway v. Andrews, 286 Ala. 28, 236 So.2d 687 (1970); Rushton v. McKee Co., 201 Ala. 49,77 So. 343 (1917). The contract before us here describes the real estate to be conveyed as being situated in Jefferson County, Alabama, and comprising "The West 1/2 of the South 663' of the East 918' of the NW 1/4 of the SW 1/4 of Section 29, Township 17 South, Range 1 West." It is difficult to imagine how the realty, which is the subject of this contract, could have been described with any greater specificity.
The confusion in this case which led the trial Court to hold that "the executed contract did not accurately describe the property in question" is the result, apparently, of the fact that the land Defendants held at the time of the contract's execution, differed from that which they held at the time Plaintiff demanded performance. This variance is relevant, however, only to the ability of the vendor to perform, discussed above, and has no bearing whatever on the ability of the Court to specifically enforce the contract to the extent of Defendant's or Defendants' ability to convey.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, JONES, ALMON, SHORES and BEATTY, JJ., concur.
[1] Obviously the reference by Defendants and by the trial Court to a "directed verdict" is a mere inadvertence, the common reference in a non-jury trial being "motion for judgment." See Rule 41 (b), ARCP, and Chaney v. General Motors Corp.,348 So.2d 799 (Ala.Civ.App. 1977). *Page 952