# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER·TERM 1910-1911

## Forney *v*. City of Birmingham.

*Specific Performance.*

(Decided May 11, 1911.  55 South. 618.)

1. *Specific Performance; Persons Liable.*—A grantee of land with knowledge of an existing contract giving a third person an option to purchase, occupies the same position as to such third person as the grantor, and may be compelled to specifically perform just as the grantor could, had he not parted with the legal title.

2. *Same; Remedy at Law.*—The fact that the holder of an option contract for the purchase of land has a remedy against his vendor for breach of the contract because he has conveyed the property to another who had knowledge of the existence of the option, does not take away from the holder of the option his equitable remedy to compel specific performance of the contract.

3. *Same; Option Contract; Validity; Enforcement.*—The fact that the holder of an option contract for the purchase of real estate was an alderman of the city, which subsequently purchased the property from the original vendor with knowledge of the option contract, does not destroy the right of the holder of the option contract to compel specific performance, the holder not having acquired his rights through any transaction with the city.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by J. C. Forney against the City of Birmingham for specific performance of a contract. From a decree overruling demurrers to the bill, defendant appeals. Affirmed.

The facts made by the bill are that Forney held options to purchase from the owner thereof certain de-

1—173

scribed lands; that the option was running in the name of one M. V. Henry, or his assigns, who was in truth and in fact acting for orator in the transaction; that the options were in full force and effect on the day the respondent corporation, becoming aware that the tract of land could be secured for the purpose of the city and desiring such tract of land, entered into negotiations with the owner for the purchase of it, but that before said negotiations were closed respondent had full, complete, and accurate notice of the right of complainant under his said options; and that respondents contended that, as orator was a member of the board of aldermen of respondent, he had no rights in the premises which respondent was bound to respect, and so, in defiance of the rights of complainant, concluded negotiations for the purchase, and purchased and became the owner of the property. The offer is then made to comply with the options and to pay what is due to complete the purchase, with a prayer for specific performance, together with certain interrogatories. The demurrer is that there is no equity in the bill.

R. H. THACH, for appellant. The respondent had a perfect right to purchase the land without infringing upon the rights of appellee, and if appellee has any redress, it is against his vendor for breach of contract.— 4 Mayfield, 839; 44 Am. Dig. 1750. There was no averment of any consideration paid for the option, or for its extension, and this is necessary.—21 A. & E. Encyc. of Law, 926. Being an alderman of the city, complainant could not be interestetd in any sale of the land to the city, or receive any pecuniary benefit therefrom.— Sec. 1194, Code 1907.

A. LATADY, for appelllee. Appellants had full knowledge of the existence of the option, and therefore occu-

[Forney v. City of Birmingham.]

pied the same position as the original vendor, and hence were liable to specifically perform.—*Ross v. Parks,* 93 Ala. 153; *Meyer Bros. v. Mitchell,* 75 Ala. 475; *Dickinson v. Amy,* 25 Ala. 427; *Davis v. Roberts,* 89 Ala. 402. There is absolutely no merit in the other positions taken by appellant.

DOWDELL, C. J.—The bill is in the nature of a bill for the specific performance of a contract. A general demurrer for want of equity was filed to the bill, and from the decree of the chancellor, overruling the demurrer, this appeal is prosecuted.

If the appellant's grantor had not parted with the legal title to the land, no one would question the right of the appellee, on the facts averred in the bill, to compel such grantor, in a bill for that purpose in a court of equity, to convey title to the appellee. The respondent, the appellant here, having purchased the land with full knowledge of the existing contract of its grantor and of the appellee's rights as alleged in the bill, can occupy no higher ground than its grantor. In equity it simply takes the place of its grantor in respect to the appellee's rights.—*Ross v. Parks,* 93 Ala. 153, 8 South. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47; *Meyer Bros. v. Mitchell,* 75 Ala. 475; *Dickinson & Winn v. Amy,* 25 Ala. 424.

The fact that the appellee may have a remedy at law against the appellant's grantor for a breach of contract does not take away appellee's equitable remedy to compel specific performance of the contract by such grantor's vendee.

The fact that the complainant is a member of the board of aldermen of the city of Birmingham cannot destroy or affect his property right in the alleged option contract. He acquired the property right through

no transaction with the city. The averments of the bill negative any such suggestion.

We are of the opinion that the facts stated in the bill, and which are confessed on demurrer, give it equity. The decree of the chancellor, overruling the demurrer, will be affirmed.

Affirmed.

SIMPSON, MCCLELLAN, and SOMERVILLE, JJ., concur.