# Martin *v.* Brown, *et al.*

### Detinue.

(Decided February 8, 1917.   74 South. 241.)

1. **Exchange of Property; Contracts; Construction; Presumptions.**— Where an agreement for the exchange of lands is silent as to the nature and character of the estate or interest to be sold or conveyed, the presumption is that an indefeasible legal title to the unsevered estate in the soil is what is intended to pass and to be acquired.

2. **Exchange of Property; Contracts; Construction; Province of Court and Jury.**—Where an agreement for exchange of land does not specify the kind of estate to be conveyed, the determination of the same is for the court.

3. **Estoppel; Sales; Failure to Assert Title.**—Although the owner of an automobile stands by and makes no objection while another makes asser-

[Martin v. Brown, et al.]

.tions of ownership to a prospective buyer, he is not estopped from later asserting title against buyer, unless buyer has, because of owner's failure to assert title, suffered substantial loss, or altered his position for the worse.

APPEAL from Jefferson Circuit Court.

Heard before E. C. CROW.

Detinue by P. D. Martin against J. D. Brown and another. Judgment for defendants and plaintiff appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

The facts sufficiently appear. The following is charge 4, refused to plaintiff:

Gentlemen of the jury, the court charges you that where a person agrees to convey an equity in a certain lot of real estate subject to a certain mortgage, the law presumes such interest in such real estate to be an equity in fee simple, and the court charges you that a conveyance of equity in surface right is not a compliance with such agreement.

The following are the charges given for defendant: (3) If you find from the evidence that the car in question was traded to Brown by J. N. Martin, and that negotiations in trade were made in the presence and hearing of plaintiff, and he did not object to the same or set up his claim to the car, then he cannot recover in this action.

(4) If you find from the evidence that the car was owned by P. D. Martin prior to being traded to Brown, and that J. N. Martin, the father of P. D., in the presence of P. D., informed Brown that the car was owned by himself, then it was the duty of plaintiff, P. D. Martin, to inform Brown that the car was his, and, if he failed to do this, he cannot now, for the first time, set up title to the car.

(5) If you find from the evidence that this car was purchased or traded for by Brown from the father of plaintiff, and that, during negotiations between father of plaintiff and Brown, plaintiff was present and knew that Brown was on a trade, or about to trade with plaintiff's father for a car, and plaintiff failed to notify Brown of his claim of title to the car, then he would be estopped to now set up such title as against defendant Brown.

The record shows no charge 7, but shows the following, which is doubtless referred to:

(8) If you find from the evidence that plaintiff, P. D. Martin, was prior to the time of the trade with Brown the owner of the automobile in question, and that at the time of the negotiation with his father by Brown for the trade for he car, P. D. Martin knew that his father was trading his car, and he had an opportunity to inform Mr. Brown that the car was his, and did not do so, then he is estopped to set up title to the automobile.

(9) If you find from the evidence that plaintiff was present while Mr. Brown was trading for his car, it was his duty to inform Brown that he owned the car, and if he did not do so, plaintiff cannot recover in this case.

A. H. DARDEN and TURNER & MURPHY for appellant. SANDERS & ROE for appellees.

McCLELLAN, J.—This is an action of detinue to recover an automobile, instituted by the appellant against the appellees. The cause was tried on the theory and defense asserted by Brown; the other party defendant, the company, being accorded a judgment on its plea of disclaimer. The plaintiff is the son of J. N. Martin, with whom he was associated in business in Birmingham. J. N. Martin and J. D. Brown, the defendant, on September 14, 1913, entered into a contract to exchange the automobile in question for Brown's equity in a house and lot in Ensley. Brown's lot was incumbered with a mortgage for $3,000. The parties agreed the value of the lot to be $3,750, thus fixing the monetary equivalent of the automobile at $750. On September 17, 1913, J. N. Martin gave a written order to the representative of the Great Southern Automobile Company to deliver the car to J. D. Brown. This order recited an agreement by J. N. Martin to refund to Brown the charges for repairs made by it on the car, and further recited this: "Said car traded to Mr. Brown for house and lot in Ensley Highlands * * * having received paper on house. Title of this car passes into the hands of Mr. J. D. Brown."

Brown received the car from the company, giving his promissory note to the company for the amount of the charges. It appears without dispute that J. N. Martin afterwards paid this note in full. Subsequently, on view of an abstract furnished by Brown, Martin's attorney discovered, that Brown's interest in the Ensley lot was confined to the surface; the mineral interest having been severed in ownership from the surface.

[Martin v. Brown, et al.]

(1) Where an agreement for the sale or exchange of lands is silent as to the nature and character of the estate or interest to be sold or conveyed, the presumption arises that an indefeasible legal title to the unsevered estate in the soil is what is intended to pass and to be acquired.—*Goodlett v. Hansell*, 66 Ala. 151; *Taylor v. Newton*, 152 Ala. 459, 44 South. 583. While the contract entered into between J. N. Martin and J. D. Brown expressly recognized the existence of an incumbrance present in the outstanding mortgage referred to, yet there was nothing in the agreement that operated to qualify or negative the just expectation on the part of Martin that the fee-simple title, unaffected by a separate ownership of the mineral interest therein, would be conveyed to him by Brown, thus requiring the application of the presumption to which allusion has been made. In charge 4, given to the jury by the court at the request of the plaintiff, this applicable rule of law was appropriately stated. However, in response to subsequent inquiry from the jury the court withdraw this charge from the jury's consideration, and indorsed it as being refused. Immediately following this action by the court the jury was advised that it was their function "to say what the contract meant."

(2) In withdrawing charge 4 from the jury's consideration and in refusing to give it to the jury, as well as in its act of referring the construction of the contract to the jury, the court erred to the prejudice of the plaintiff. It was the duty of the court, itself, to construe the contract shown by the evidence with the view to the application of the rule of law to which charge 4 had particular reference. If the contract made between Brown and J. N. Martin was not performed in any degree by Brown, it is very clear that Brown was not entitled to retain the automobile of which he had acquired the possession as upon an exchange of his equity in the fee of the Ensley lot. If Brown delivered a conveyance to J. N. Martin, transmitting his equity in the surface only of the Ensley lot, and Martin accepted a conveyance of that character, then the plaintiff could not recover the automobile given in exchange therefor.

(3) The trial court gave, at defendant's instance, special charges numbered 3, 4, 5, 7, and 8, upon the theory that the plaintiff was estopped to assert his title to the automobile by his acquiescence in J. N. Martin's assertion to Brown of his, J. N. Martin's, ownership of the car. As abstract propositions of law,

these instructions were well framed; but, unless Brown suffered' a loss of substantial character, or was induced to alter his position for the worse in some material respect, the estoppel referred to in these instructions was not available to prevent the plaintiff from asserting his ownership in the automobile.—*Brooks v. Romano,* 149 Ala. 301, 306, 42 South. 819.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.