## MATTHEWS et al. v. BARTEE.
## (5 Div. 841.)

(Supreme Court of Alabama. Jan. 18, 1923.)

1. **Specific performance ⬅⮞22—Rights of third person, purchasing from vendor with notice of prior sale, held subject to divestiture in suit by original vendee.**

Where the vendor, under a contract to sell realty, sells the land to a third person with notice of the contractual right of the vendee to purchase, such third person's rights in the premises are subordinate to those of the original vendee, and, if such vendee is found entitled to specific performance, the third person's interest is subject to divestiture in the process of effectuating specific performance of the contract.

2. **Frauds, statute of ⬅⮞106(2)—Memorandum contract for sale of land held not uncertain nor indefinite within statute.**

A memorandum, in the form of a receipt for a cash payment on a designated number of acres, located 1½ miles west of a named town in two certain counties, known as the Matthews place, $745 to be paid "as soon as papers are fixed up," and the balance to run for 12 months at 8 per cent. interest, with the privilege of running the principal another year if so desired by the purchaser, and signed by the seller, held not so uncertain or indefinite as to render it offensive to Code 1907, § 4289, subd. 5.

3. **Specific performance ⬅⮞28(1)—Memorandum contract for purchase of realty held sufficiently certain and definite to justify relief.**

In specific performance of a contract for the purchase of realty, a memorandum, in the form of a receipt for a cash payment on a designated number of acres, located 1½ miles west of a named town in two certain counties, known as the Matthews place, $745 to be paid "as soon as papers are fixed up," and the balance to run for 12 months at 8 per cent. interest, with the privilege of running the principal another year if so desired by the purchaser, and signed by the seller, held not so uncertain or indefinite as to justify denial of relief through specific performance.

4. **Vendor and purchaser ⬅⮞62—Transfer of indefeasible legal title presumed, where agreement silent as to nature of estate sold.**

Where an agreement for the sale or exchange of lands is silent as to the nature and character of the estate or interest to be sold or conveyed, the presumption is that an indefeasible legal title is what is intended to pass and to be acquired, and where the writing re-

fers to the execution of the "papers," the execution of a deed conveying the fee is deemed to be intended.

**5. Vendor and purchaser ⬅76—Cash payment held not to be due under contract until effectual conveyance tendered.**

Where a contract for the sale of realty provided for a payment of $745 "as soon as papers are fixed up," the balance of the purchase price to run for 12 months, the vendee was not due to make the cash payment until an effectual conveyance was provided by the vendor.

Appeal from Circuit Court, Tallapoosa County; Lum Duke, Judge.

Bill by S. M. Bartee against G. H. Matthews and M. J. Reeder. Decree for complainant, and defendants appeal. Affirmed.

Barnes & Walker, of Opelika, for appellants.

Specific performance will be denied, if some of the terms of the contract are indefinite and uncertain, or are left open for future determination of the parties. 36 Cyc. 587; 25 R. C. L. 218; 201 Ala. 49, 77 South. 343; 184 Ala. 404, 63 South. 951; 171 Ala. 409, 55 South. 102; 96 Ala. 515, 11 South. 695, 38 Am. St. Rep. 116. Possession, to take the contract or memorandum without the statute of frauds, must be not only actual, open, and notorious, but exclusive. 48 Or. 65, 80 Pac. 481, 3 L. R. A. (N. S.) 813; 18 Ala. App. 340, 92 South. 208; Code 1907, § 4289(5).

Jas. W. Strother and J. Percy Oliver, both of Dadeville, for appellee.

The complainant was entitled to specific performance as against G. A. Matthews and as against M. J. Reeder, who purchased with full knowledge of the existing contract. 103 Ala. 644, 16 South. 35; 114 Ala. 419, 21 South. 785; 51 Ala. 312; 173 Ala. 1, 55 South. 618; 162 Ala. 524, 50 South. 361; 93 Ala. 153, 8 South. 368, 11 L. R. A. 148, 30 Am. St. Rep. 57. The terms of the sale were agreed upon and a memorandum thereof signed by the vendor. A part of the purchase money had been paid, and possession of the land was delivered to complainant. This constituted a valid and enforceable contract for the purchase of land. Code 1907, § 4289(5); 94 Ala. 463, 10 South. 83; 103 Ala. 644, 16 South. 35.

McCLELLAN, J. The amended bill, filed by Bartee, appellee, sought specific performance of a contract with appellant Matthews to sell Bartee about 327 acres of land at the purchase price of $10 the acre. Subsequent to this agreement, and, according to Bartee's contention, while it was of force, Matthews and others having an interest in the land conveyed it, for an advanced price, to the appellant M. J. Reeder, who, it is insisted by Bartee, was at the time and theretofore advised of the existence of appellee's contract with Matthews to purchase the land. The court awarded the relief sought, requiring, among other things, conveyance to Bartee of the title acquired by Reeder. The only errors assigned refer to the final decree under submission on pleading and proof.

The following written memorandum was executed by Matthews:

"327 acres of land
10 per acre

| |
|---|
| $3270.00 |
| $ 25.00 cash |

| |
|---|
| $3245.00 |
| 745.00 to be paid in few days |

$2500.00

"Columbus, Ga., Nov. 7, 1918.

"Received of S. M. Bartee $25.00 Twenty-Five Dollars as part payment on 327 acres more or less, located 1½ miles West of Roxana, Ala., in Lee and Tallapoosa counties, Ala., known as the Matthews place. $745.00 to be paid as soon as papers are fixed up & balance of $2500.00 to run for 12 months at 8% interest with the privelidge of running the principal another year if so desired by Mr. Bartee. G. A. Matthews."

[1] If Reeder acquired the property with notice of Bartee's contractual right to purchase it, Reeder's rights in the premises were subordinate to those of Bartee; and, if Bartee was found entitled to the specific performance sought, Reeder's interest, so acquired, was subject to divestiture in the process of effectuating specific performance of Matthews' contract to sell and convey the land to Bartee. Forney v. City of Birmingham, 173 Ala. 1, 55 South. 618; Bentley v. Barnes, 162 Ala. 524, 527, 50 South. 361.

[2, 3] The memorandum reproduced above is not affected with such omission, uncertainty, or indefiniteness as renders it offensive to the statute of frauds (Code, § 4289, subd. 5), or as would justify the denial of relief to the vendee through specific performance. The memorandum—in form of a receipt for the cash payment stated therein—is certain in respect of the parties thereto; the amount of the consideration for the sale and purchase of the land; the area bargained to be sold, being the "Matthews place" 1½ miles west of Roxana, Ala., in the named counties; and the terms of the sale, viz. $25 in cash, $745 "to be paid in a few days," which is further defined to be "as soon as the papers are fixed up," and the remainder, $2,500, to "run," to be paid in 12 months at 8 per cent. interest, with the privilege in the vendee to defer payment of the balance a second year. A written contract for the sale and purchase of lands is sufficient in respect of

compliance with the statute of frauds if the executed instrument contains "the names of the parties, the subject-matter of the contract, the consideration and the promise." Alba v. Strong, 94 Ala. 163, 165, 10 South. 242. 243. There is no prescription in the writing that the vendee should secure the balance of $2,500 by mortgage. The reference to "papers," contemplated by this writing, is to an instrument of conveyance, a deed, to the vendee, and to a note for the balance of $2,500 that would remain unpaid after the $745 was paid in a *few days, as soon as the papers were fixed up.*

[4] Where an agreement for the sale or exchange of lands is silent as to the nature and character of the estate or interest to be sold or conveyed, the presumption arises that an indefeasible legal title is what is intended to pass and to be acquired. Martin v. Brown, 199 Ala. 134, 137, 74 South. 241. The provision in the writing for the execution of the *papers*, in the connection there employed, was intended to provide for the execution of a *deed*, conveying the fee to this vendee. Ellis v. Burden, 1 Ala. 458. 467.

[5] The insistence that under this writing something material to the agreement was left by the parties to future treaty cannot be approved. The preparation and execution of the *papers*, instruments, viz. a deed and notes for the purchase money (together with the subsequent payment of $745), were the only contractual acts to be performed in the future; but they were acts executive of the contract, not at all related to future negotiation or treaty. According to the manifest design and effect of the terms of this instrument, Matthews was to provide the perfected deed to Bartee, whereupon Bartee was to pay him $745 and give his note for the unpaid balance of $2,500. Having assumed the obligation to provide the deed to Bartee, Matthews could not defeat the relief sought by the vendee by reason of any delay in performing that contractually assumed service in the consummation of the sale. A careful consideration of the whole evidence does not convince that Bartee was in default in respect of any obligation assumed by him. He was not due to make the $745 payment until an effectual conveyance was provided by Matthews. Nevertheless, on December 5, 1921, a reasonable time under the circumstances shown by the evidence, he tendered that sum to Matthews, and he declined to receive it.

The conclusion is also well invited by the whole evidence that Reeder knew of the existence of Bartee's contractual right to purchase this property, and, if he was misled by Matthews' letter stating that the "trade" with Bartee had fallen through, the fault and its consequences lay with Matthews, not with Bartee.

The evidence sufficiently described the "Matthews place," mentioned in the writing, as being the land defined by the government numbers in the decree.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.