(103 So. 874)

BARTEE v. MATTHEWS et al.
(5 Div. 891.)

(Supreme Court of Alabama. Jan. 15, 1925.
Rehearing Denied April 30, 1925.)

1. **Equity ⟨key⟩263—When bill not stricken from files or properly taken therefrom stated.**

If bill, defective in form, considered as amended, contain equity, it should not be stricken, however denominated, notwithstanding averments are lacking in clearness, but, if it contain no equity, it is properly taken from the files, and the method of doing so is immaterial.

2. **Equity ⟨key⟩263—Bill, averring facts material to matter in controversy in main cause and occurring since final decree, held improperly stricken.**

Where supplemental bill, or original bill in nature of supplemental bill, averred facts material to the matter in controversy in the main cause and occurring since the final decree, an order striking it, on the ground no occasion existed for the further invocation of the powers of the court with reference to the same subject-matter, held improper, as such facts could not be introduced as furnishing a basis of relief by the way of amendment to the original bill.

3. **Equity ⟨key⟩295—When and for what purpose "supplemental bill" may be filed.**

A supplemental bill or original bill in that nature may be filed as well after a decree as before, and, when brought after, it may be either in aid of the decree. or, in some circumstances, to have the original direction reconsidered and revised in case of defect or mistake; a supplemental bill being a continuation of the original suit and drawing to itself the advantages of the proceedings therein, but. seeking to supply some defect which arose in the progress thereof.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Supplemental Bill.]

4. **Equity ⟨key⟩296—Original bill in nature of supplemental bill is proper remedy to bring new parties and new interests before court.**

Original bill in the nature of a supplemental bill is proper remedy to bring new parties and new interests before court.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Equity ⬤⇒295—Bill, seeking to bring new parties before court, properly denominated original bill in nature of supplemental bill.**

Bill, seeking to bring new parties before court, is properly denominated an original bill in the nature of supplemental bill.

**6. Equity ⬤⇒214—Objections apparent on face of bill should have been taken by demurrer; otherwise by plea or answer.**

Objections apparent on face of bill should have been taken by demurrer; otherwise by plea or answer, in order to afford complainant opportunity to amend.

**7. Equity ⬤⇒387—Submission, for final decree on pleadings and evidence, of original bill in nature of supplemental bill, required consideration of pleadings in original cause and evidence taken in advance of decree therein.**

Submission for final decree on the pleadings and evidence of an original bill in the nature of a supplemental bill, praying for enforcement, and, if necessary, revision of decree in original cause in order to accomplish equity, *held* to require consideration of pleadings in the original cause and evidence taken in advance of the decree in the original cause as embraced in the note of submission.

**8. Specific performance ⬤⇒127(3)—Purchaser, purchasing whole tract from cotenant believing latter was sole owner, held entitled to conveyance from such cotenant of latter's half interest with abatement of purchase price.**

Purchaser of whole tract from cotenant, believing latter was sole owner, *held* entitled, under his prayer for additional and general relief, to conveyance from such cotenant of latter's half interest, with abatement of purchase price, if he was willing to accept that partial relief as being all the court could decree.

**9. Specific performance ⬤⇒116½ — Decree against vendor owning half interest held to entitle purchaser to deposit full purchase price and file bill praying for available title and abatement of purchase price.**

Where, in bill for specific performance of a contract to sell, executed by defendant cotenant as sole owner, when, in fact, he held only half interest, the court decreed a conveyance from such defendant as if he were the owner of the entire tract, on condition complainant deposit the entire purchase money in the registry of the court for the use and benefit of such defendant, complainant, under such decree, *held* entitled, as against defendants to the original cause, to deposit the full purchase price, and to file bill praying in alternative for such title as the parties defendant to original bill could convey, and for an abatement of the purchase money to compensate him for the loss of the remaining interest.

**10. Specific performance ⬤⇒20—Party, purchasing whole tract from cotenant, in belief latter owned entire tract, not entitled to specific performance against heirs of other deceased cotenant and those claiming exclusively under him or them.**

Party, purchasing whole tract from cotenant, in belief latter owned entire tract, is not entitled to specific performance against heirs of other deceased cotenant and those claiming exclusively under him or them.

**11. Specific performance ⬤⇒20—That grantee of interest of deceased cotenant paid nothing for grant held not to affect integrity of his title, as against purchaser of whole tract from other cotenant.**

That grantee of interest of deceased cotenant paid nothing for grant *held* not to affect integrity of his title, as against purchaser of whole tract from other cotenant.

**12. Lis pendens ⬤⇒26(1)—Purchaser, pending suit to enforce sale, not precluded from acquiring outstanding independent title.**

Purchaser pendente lite from vendor of tract, conveyance of which was sought to be enforced, *held* not precluded from acquiring outstanding independent title to such tract.

Appeal from Circuit Court, Tallapoosa County; N. D. Denson, Judge.

Bill in equity in the nature of a supplemental bill by S. M. Bartee against G. A. Matthews and others. From a decree striking the bill, complainant appeals. Affirmed in part, in part reversed and remanded.

In 1919 appellant, Bartee, filed his bill against G. A. Matthews, seeking the specific performance of a contract in which Matthews had agreed to sell and convey to him a certain tract of land lying in Tallapoosa county. By an amendment, filed eight months later, complainant averred that, since the date of the contract alleged, defendant had conveyed the land to M. J. Reeder, who was. fully advised of complainant's contract, and Reeder was brought in as a party defendant. The cause progressed to a final decree, May 5, 1922, by which complainant was awarded the relief prayed upon the payment into court of the balance of the agreed purchase money, $3,245, for the use of Matthews. This decree was affirmed by this court in Matthews v. Bartee, 209 Ala. 25, 95 So. 289. Afterwards, February 15, 1923, complainant filed his "supplemental bill or petition," averring that he had paid the sum of $3,245 into the hands of the register of the court, as required by the decree, but that, after the final decree aforementioned, deeds purporting to convey the land in suit to C. M. Reeder, a son of M. J. Reeder, had been executed and put upon the record in the office of the probate judge; that C. M. Reeder parted with no consideration for these conveyances and had all along been fully advised of complainant's rights in the premises, and that the purpose thereof was to prevent complainant receiving the benefits of his contract and the decree for its specific performance. The grantors in these deeds, who, with C. M. Reeder, are made parties defendant, are numerous. They will be referred to as Luke Matthews and others. It is also averred that

the full amount of the purchase price—whatever that may have been—agreed on by the parties to the transaction between the original defendant and M. J. Reeder, was paid to G. A. Matthews "and the other joint owners of said lands as the purchase money for the same." The prayer of the supplemental bill or petition—so, for convenience, to speak of it—is that the parties defendant be required to convey to complainant the land described in the original bill, or that the decree to be rendered be otherwise moulded so as to establish and confirm the right of complainant in the land, and for other special and general relief. C. M. Reeder and Luke Matthews and others moved the court to strike the supplemental bill on various grounds, and G. A. Matthews and M. J. Reeder, for themselves, made a like motion. The decree recites a submission on pleadings and evidence for final decree, and thereupon it was considered and decreed by the court that the paper designated as a supplemental bill or petition be stricken from the file. This appeal brings that decree into review.

James W. Strother, of Dadeville, for appellant.

Any person interested in a decree may bring a bill to carry it into execution. Fletcher's Eq. Pl. & Pr. 1016; 16 Cyc. 500; Sollie v. Outlaw, 204 Ala. 522, 86 So. 380; Hogan v. Davis, 3 Ala. 70; Foster's Eq. Pl. & Pr. 758; Adam's Eq. 415; Story's Eq. Pl. § 429. The supplemental bill, if defective in form or otherwise, is amendable. Vaughn v. Vaughn, 180 Ala. 212, 60 So. 872. Motion to dismiss a bill for want of equity is abolished. Code 1907, § 3121; Code 1923, § 6553.

Barnes & Walker, of Opelika, for appellees.

The time limit as to amendment extends to rendition of final decree. Code 1907, § 3126; Acts 1915, p. 706; Norville v. Seeberg, 205 Ala. 96, 87 So. 164. After final decree and adjournment of term, a petition cannot be entertained for relief inconsistent with the principles settled by the decree. Marshall Co. v. McPhillips, 79 Ala. 145; 21 C. J. 554. After decree for specific performance the court cannot enter judgment for damages and appoint a referee to ascertain same. Koehler v. Brady, 87 App. Div. 326, 84 N. Y. S. 457; Eastman v. Simpson, 139 Mass. 348, 1 N. E. 346. Partial performance with compensation or indemnity cannot be had unless specially prayed. Campbell v. Hough, 73 N. J. Eq. 601, 68 A. 759; Milmoe v. Murphy, 65 N. J. Eq. 767, 56 A. 292. No decree should be altered on motion, except to cure an error. Strauss v. Bendheim, 32 Misc. Rep. 179, 66 N. Y. S. 247; 36 C. J. 795.

SAYRE, J. [1-6] The bill in question is somewhat lacking in clearness of averment, but if, considering defects of form amended, it contains equity, it should be heard, however denominated. If, on the other hand, it contains no equity, it was properly taken from the files; the method being in that case immaterial. From the opinion filed by the judge below, it appears that the motion to strike was entertained and granted, for the reason that the litigation shown by the bill in the main cause, and the proceedings thereunder had been closed by final decree adjudicating all the rights of the parties, and that there was no cause or occasion shown for the further invocation of the powers of the court with reference to the same subject-matter—that neither a supplemental bill nor an original bill in the nature of a supplemental bill would lie. This, we think was error. The bill in question averred facts material to the matter in controversy in the main cause and occurring since the final decree. Clearly, such facts could not be introduced as furnishing a basis of relief by way of amendment to the original bill. P. & M. Mutual Ins. Co. v. Selma Savings Bank, 63 Ala. 595. Hence relief must be had by way of supplemental bill or original bill in that nature. Such bill may be filed as well after decree as before, and, when brought after, it may be either in aid of the decree or, in some circumstances, to have the original direction reconsidered and revised in case of defect or mistake. 1 Whitehouse, Eq. Pr. pp. 256, 257, 295; 21 C. J. 544, § 662; Ramey v. Green, 18 Ala. 771. A supplemental bill is a continuation of the original suit and draws to itself the advantages of the proceedings therein, but seeks to supply some defect which has arisen in the progress thereof; and, when new parties and new interests are to be brought before the court, the proper remedy is by an original bill in the nature of a supplemental bill. Bowie v. Minter, 2 Ala. 406. On its face, the bill in question seeks to bring before the court new parties and may therefore be denominated an original bill in the nature of a supplemental bill. Objections apparent on the face of the bill should have been taken by demurrer; otherwise by plea or answer. 1 Whitehouse, Ib.; 21 C. J. p. 547, § 668. In that case complainant would have had an opportunity to amend.

[7] As we have stated, the submission was for final decree on pleadings and evidence. The pleadings in the original cause were due to be considered, and the note of submission properly included the evidence taken in advance of the decree in the original cause and so is now before this court. Assuming that complainant's purpose, having in view the situation presented by his last bill, is to enforce and, if necessary, revise the decree in the original cause to the end that equity may be accomplished, and that the court is indifferent to the label on the bill if grounds of further equitable action be shown, we will consider now what relief the facts would have authorized on a bill properly framed,

or even on the bill as it was; no objection having been taken to the frame of it.

[8, 9] In a general way we have stated the purpose of the original bill. Complainant, supposing that G. A. Matthews owned the entire fee, had bargained for the entire title to the land. The memorandum of the contract, which is set out in the opinion in Matthews v. Bartee, 209 Ala. 25, 95 So. 289, gave no notice that persons other than the. defendant G. A. Matthews owned an interest in the land, or that he was assuming to act for others. But it appeared from the testimony of Matthews taken in the original cause, that he and a brother, who had died some years prior to the contract alleged, had owned the land as tenants in common—this state of the title was confirmed by evidence taken after the filing of the supplemental bill—that his brother's widow was in possession by tenants under his (defendant's) management; that he supposed she owned a half interest in the land; and that in the negotiation with complainant he assumed to represent her interest as well as his own, but that afterwards she refused to carry out the trade he had made with complainant. According to his testimony, he had another reason also why the trade was not consummated, viz.: That complainant had unduly delayed to perform his part of the agreement, but the court, by its decree in the original cause, found this contention against the defendant, and correctly so. And it seems that defendant G. A. Matthews, assuming, in accordance with his theory as to complainant's forfeiture by delay, that complainant had acquired no interest or right by his contract, had joined with his brother's widow in executing the conveyance to M. J. Reeder complained of in the amendment by which Reeder was brought in as a party defendant. Such being the state of the title, complainant was entitled to a conveyance from Matthews of his half interest, with an abatement of the purchase money, if he was willing to accept that partial relief as being all the court could decree on the facts—this under the prayer for such other, further, additional, or general relief as the facts of the case might warrant. But the court decreed a conveyance from defendant Matthews as· if he owned the entire fee, on condition that complainant deposit the entire purchase money in the registry of the court for the use and benefit of Matthews. This left complainant to choose whether he would deposit the full purchase money in order to have a deed that would operate as a conveyance of a half interest only or would forfeit all relief. We think he pursued the course he was in equity entitled to pursue when he deposited the full purchase money and filed his bill, praying in the alternative for such title as the parties defendant to the original bill could convey and an abatement of the purchase money to compensate him for the loss of the remaining interest. The facts in evidence furnish material for a proper supplemental bill strictly so called as against the defendants to the original cause.

[10-12] But as to Luke Matthews and others brought into the cause for the first time by the bill in question, it is to be inferred very clearly from the evidence that they derived title from G. A. Matthews' cotenant, his deceased brother, against whom complainant had no right or claim. Against his heirs and those claiming exclusively under him or· them, the court could render no decree in favor of complainant. Nor was the integrity of C. M. Reeder's title, to whom Luke Matthews and others had conveyed, affected in any way by the fact that he paid nothing for his conveyance. If it be assumed—and on the evidence it could hardly be more than a shrewd surmise—that he took his conveyances for the use and benefit of his father, the defendant M. J. Reeder, still the latter's right to acquire an outstanding independent title cannot be questioned. M. J. Reeder was made a party defendant, not because complainant had contractual rights as against him, but in order to prevent the embarrassment of complainant's cause by G. A. Matthews' conveyance to him pendente lite. The bill in question is in form an original bill in the nature of a supplemental bill, but, on the facts, it is devoid of equity as against C. M. Reeder or Luke Matthews and the others in like case with him. It follows that, looking to results only, C. M. Reeder and Luke Matthews and others were properly allowed to depart with their costs.

As to C. M. Reeder and Luke Matthews and others in like case with him, the decree striking the bill in question is affirmed. As against G. A. Matthews and M. J. Reeder, the decree striking the bill is reversed, and the cause remanded for a decree in accordance with this opinion.

Affirmed in part; reversed and remanded in part.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.