17 So.2d 152

**BOOZER et al. v. BLAKE et al.**

8 Div. 258.

Supreme Court of Alabama.

Feb. 24, 1944.

Rehearing Denied March 23, 1944.

Carmichael & Polk, of Sheffield, for appellants.

Andrews & Almon, of Sheffield, for appellees.

FOSTER, Justice.

The demurrer on this appeal presents the question of the sufficiency of a bill in equity, and the petition for mandamus presents the ruling of the court on a motion to strike parts of it for impertinence.

We will first consider the demurrer to the bill as last amended, which was sustained by the court and the bill dismissed.

Briefly the bill is for the specific performance of a contract for the sale of all the capital stock in an Alabama corporation, known as Muscle Shoals White Lime Company, owned by the respondents Mrs. Emma B. Yourtree, J. H. Werner and W. C. Roberts, who are alleged to be closely related and are the stockholders of the Yourtree-Roberts Sand Company, an Illinois corporation, all of whom are made

parties to the bill, but who have not appeared or made defense against it.

The contract is alleged to have been made on February 21, 1941, and it is set out in extenso in the bill. It is further alleged that later (June 28, 1941) a supplemental agreement was made changing some details in respect to the payment of the consideration. Neither contract specifies the date on which the sale is to be consummated. It stipulates the price at a sum in cash and deferred payments evidenced by notes, with certain payments starting February 10, 1942, pursuant to the modified contract. It alleges that the corporation owned a lime plant, machinery and equipment, office furniture and large real estate holdings described in full. That on August 25, 1941, the corporation by its president executed a deed of all of its assets to respondents Blake and Sockwell. They are alleged to have had actual knowledge, as well as constructive notice of complainant's purchase agreement. On July 18, 1941, that complainants notified Yourtree and Roberts Sand Company that they expected said company to deliver the stock of the lime company immediately upon securing a loan from R.F.C. That Blake and Sockwell to hinder complainants from getting the money from the R. F. C. on September 13, 1941, notified it that they had bought all the physical properties of the lime company. But that on September 21, 1941, complainants notified respondents of their readiness to execute the notes and pay the balance of the purchase price, upon delivery of stock to a certain bank with title to the physical property free from liens and approved by the R. F. C., as vested in said corporators.

And that in a further effort to pay the balance, they executed the notes and deposited the same and the cash as the contract provided, in another bank, the date not given, to be delivered to respondents upon delivery to the bank of the capital stock of the lime company with a showing that its assets were free from encumbrances as agreed upon, and so notified respondents by U. S. mail, postage prepaid.

It sought in addition to specific performance, offering to do equity, to have the deed to Blake and Sockwell declared void and of no effect, and for general relief.

The bill as amended in several features alleges that complainants offer to do equity and are ready, willing and able to comply with their part of the contract.

The respondents Blake and Sockwell demurred to the bill, and made separate motions to strike certain parts as impertinent. The court sustained both the motion and demurrer, and dismissed the bill. The appeal is from the ruling on demurrer, and the petition for mandamus relates to the ruling on the motion as we have before stated.

The demurrer to the bill as a whole is in substance that there is no equity, and that it does not appear that complainants offered to perform in a reasonable time. They also demur to that aspect of the bill which seeks to have the deed to them vacated on the ground of no equity; a plain and adequate remedy at law; that complainants were not owners of the stock when these respondents purchased the property; and have no right to question the deed; that the contract did not restrict a sale of the physical assets of the lime company; that complainants did not offer to comply in a reasonable time; that the bill does not show that the stockholders did not authorize the sale of the assets; or that complainants ever had any right to vote the stock.

Blake and Sockwell may, as well as the respondents who agreed to sell to complainants, question by demurrer the sufficiency of the bill in so far as it seeks specific performance. They are substituted for them, and in a sense stand in their shoes. If no such equity is shown, that status enures to the benefit of Blake and Sockwell.

A bill for specific performance of a contract to sell shares of stock in a corporation invokes the equity powers of the court and is not without equity. 17 Ala. Dig., Specific Performance, p. 585, ☞70; General Securities Corp. v. Welton, 223 Ala. 299, 135 So. 329; Henry L. Doherty & Co. v. Rice, 5 Cir., 186 F. 204, by Jones, Federal Dist. Judge.

The argument is made that the court in granting specific performance does not ordinarily supervise a performance which requires installment payments, and will often deny relief when it cannot dispose of the matter in controversy "by a decree capable of present performance." This is an equitable principle which has to be considered in granting relief. The court may as a condition to relief finally dispose of the matter by requiring such terms as need no supervision extending if need be to a cash payment in full. Henderson v. Coon, 244 Ala. 324, 13 So.2d 564 (1 and 2).

But often the purchaser is entitled to specific performance pursuant to his contract to pay a sum in cash and the execution of his note for the balance. Cay v. Ferrell, 239 Ala. 297 (6), 195 So. 224; Matthews v. Bartee, 209 Ala. 25, 95 So. 289.

The bill here offers to do equity, and alleges a willingness and ability to pay the balance of the purchase money. The offers to comply prior to the filing of the bill were not necessary to give it equity, and their failure to specify a compliance in exact terms as the contract provided do not justify a decree sustaining a demurrer. Ashurst v. Peck, 101 Ala. 499 (5), 14 So. 541; Mitchell v. Walker, 235 Ala. 458, 179 So. 633; Asbury v. Cochran, 243 Ala. 281, 9 So.2d 887.

It is also noted as appellee argues that the appellants did not sign the contract set out. The bill alleges that complainants purchased the property, which could be sustained by a verbal acceptance. It was not required to be in writing. The terms of the writing describe a purchase, not an option to purchase.

It is therefore apparent that the bill is not subject to demurrer for want of equity. Was his right lost by delay?

When time of performance is not an essence of the contract, especially when no time is specified, the seller cannot in general deny specific performance of a contract to sell, for delay by the purchaser in offering to perform, until he shall have called on the purchaser to perform and a reasonable time thereafter elapses and the purchaser has failed to do so after such notice and demand. Bay Minette Land Co. v. Stapleton, 224 Ala. 175 (3), 139 So. 342; Dominey v. Johnson-Brown Co., 219 Ala. 666, 123 So. 52 (2); McFadden v. Henderson, 128 Ala. 221, 29 So. 640, and cases cited in them.

We need not now consider laches or staleness of demand as affecting that situation.

If there has been a rescission on the basis of the foregoing principle, it is defensive and need not be denied in the bill.

The execution of the contract to sell vested in the purchaser an equitable interest in and to the stock, subject to its performance, as stipulated. Bay Minette Land Co. v. Stapleton, 224 Ala. 175, 139 So. 342; 19 Ala.Dig., Vendor and Purchaser, p. 181 ⚖54; Henry L. Doherty & Co. v. Rice, supra (9).

A private corporation may not sell all of its property except as it may be ratified by a vote of the holders of four-fifths in value of the capital stock of such corporation at a stockholders' meeting called to consider the matter. Title 10, section 91, Code of 1940, section 7036, Code of 1923.

It follows that the sellers of the stock who thereby assumed the status of trustees for complainants of it had no right to vote that stock so as to impair its value and destroy its business by a sale of all the assets of the corporation under the statute, supra, to one who had notice of complainants' equity. Compare Henry L. Doherty & Co. v. Rice, supra.

So that indulging the presumption against complainants that the sale was ratified by the stockholders as they appeared on the books, such ratification would not vest in these respondents as purchasers a title to the property in contravention to complainants' equity in the stock and right to have it so voted as to protect their interests as stockholders, since the purchasers are alleged to have had notice of that equity. Such a purchaser is not protected by the fact that there is no restriction in the purchase agreement against a sale of the property of the corporation. That status would not prevent sales in the ordinary course of business which do not need the approval of stockholders. But its business cannot be destroyed by a sale of all its assets unless section 91, supra, is complied with, nor by a mortgage except pursuant to section 70 (3), Title 10, Code of 1940.

These statutes are for the benefit of stockholders. Boger v. Jones Cotton Co., 234 Ala. 103, 173 So. 495 (3). Advantage is being sought here by complainants as equitable owners of the stock.

Another theory leads to the same result. In equity the shareholders are said to be the owners of the corporate property. First National Bank v. Winchester, 119 Ala. 168, 24 So. 351, 72 Am.St. Rep. 904; Dougherty v. Rice, supra. This is upon the broad principle that the corporation is in a sense a trustee holding and operating the property ultimately for the

shareholders. A sale of all its property without the equitable owners ratifying it as provided in section 91, supra, would be as by a trustee in derogation of the rights of the equitable beneficiaries who can then enforce those rights against the purchaser with notice. Here the status is similar to one where an owner agrees to sell all his property to another, and then in violation of his agreement sells to a third person with notice. The third person's interest is subject to divesture in the decree for specific performance. Matthews v. Bartee, 209 Ala. 25, 95 So. 289; Forney v. City of Birmingham, 173 Ala. 1, 55 So. 618; Bentley v. Barnes, 162 Ala. 524, 50 So. 361.

The demurrer does not in any of its grounds go to the fact that the bill does not allege that complainants as equitable owners of the stock did not vote to ratify the sale as provided in section 91, Title 10, Code of 1940.

Since the bill alleges facts to show that complainants have an equitable right in all the stock and that this was known to the purchasers, it shows that a sale of all its plant and business and property was illegal as to complainants under section 91, supra, unless ratified by complainants.

We cannot therefore agree with the trial court that the bill is subject to the grounds of demurrer interposed to it.

### On Petition for Mandamus.

The trial court sustained the motion of Blake and Sockwell to strike from the bill as amended, a portion of paragraph 6, wherein complainants alleged that after the execution of the contract originally made, it was amended by a writing in words and figures as follows: Then follows in haec verba such amendment. It is short and concise. The motion also included a portion of paragraph 9, in which it alleged that on September 21, 1941, complainants notified respondents of their readiness to comply with the contract, and set out verbatim a copy of such notice. It also is short and concise. It also included a portion of section 12, alleging that a deposit was made by complainants of notes and cash with a bank as an escrow agent to be delivered to the respondents on the conditions stated, together with a copy of a notice thereupon mailed to respondents. While this notice was longer than the other documents it is not prolix. Rule 11, Chancery Practice,

Code of 1940, Tit. 7 Appendix page 1050, provides that the bill must contain a clear and orderly statement of the facts on which the suit is founded without prolixity or repetition.

A motion to strike has been recognized as a proper method of getting impertinent matter out of a bill. And a petition to this Court for mandamus has been approved as a proper method of reviewing an order on such a motion. Ex parte Walter, 202 Ala. 281, 80 So. 119.

The rules of Chancery Practice in the Code of 1923, providing for exceptions to bills and answers in equity seem to have been left out of the new rules of practice, and elsewhere in the Code of 1940. Rule 33 et seq., Code of 1923, Vol. 4, page 918 et seq.

Prolixity and impertinence are said to be hard to distinguish at times. Prolixity may consist of irrelevant matter. Sims Chancery Practice section 225.

It is said to be permissible in pleading a contract in writing to set it out in haec verba. But this does not include mere matter of evidence not in itself a part of the contract, though material to some issue in the case. Federal Land Bank v. Mulkey, 228 Ala. 500, 153 So. 775.

In a bill of complaint to plead "matters of evidence and inferences and conclusions drawn by the pleader therefrom [is] a practice that has been disapproved." Berman v. Wreck-A-Pair Bldg. Co., 236 Ala. 301, 182 So. 54, 57 (9).

It may not have been necessary to set out the several instruments referred to in the motion. But the one in paragraph 6 is a part of the contract sued on, and it did not at all violate any rule to set it out in full. The other instruments are notices of a readiness and willingness to perform. True, they need not have been set out in full. But they were not irrelevant and in our opinion did not violate the rule against prolixity or impertinence.

It follows that the decree sustaining the demurrer and dismissing the bill is reversed and one here rendered overruling the demurrer.

As to the mandamus, the trial judge upon being advised of this opinion will no doubt set aside the order granting the motion to strike. Otherwise application may be here

renewed covering this feature of the appeal.

Reversed and rendered.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.