73 So.2d 542

**PICKARD et al.   v.   OSBURN.**

**6 Div. 668.**

Supreme Court of Alabama.

June 24, 1954.

Maurice F. Bishop, Wm. Hooper Collier, Jr., Birmingham, J. H. Dinning, Demopolis for appellee.

Earl McBee, M. C. Zanaty, Birmingham, for appellants.

STAKELY, Justice.

This is an appeal from a final decree granting specific performance in favor of Katherine Cordell Osburn (appellee) against Frank Pickard (original appellant). Nell Lobue has joined in the appeal and assigned errors.

On October 3, 1945, Joe Lobue and Tony Lobue made and executed a written contract with Katherine Cordell Osburn to sell and convey to her for a consideration of $900 Lot 15 in Block 61 in the survey of East Lake Land Company, lying in Jefferson County, Alabama. The contract was recorded on October 27, 1945 in the Probate Court of Jefferson County, Alabama. The case was tried orally before the court and the court found as a fact that Nell Lobue, wife of Joe Lobue, did not sign the contract.

An abstract of title to the property was presented to the attorney of Mrs. Katherine Cordell Osburn on October 13, 1945. The attorney discovered a defect in the title to the property. The lot was originally owned by George Lobue, ancestor of Joe and Tony Lobue, and during his lifetime was sold and conveyed to Jefferson County, Alabama, by sheriff's deed dated October 12, 1934, which was recorded in the office of the Judge of Probate of Jefferson County, Alabama, on December 1, 1934. This deed was executed on levy and execution for the collection of a judgment and costs in favor of George Whitfield, Clerk, in the amount of $113.05. After the discovery of this alleged defect the testimony appears to be in conflict. Frank Pickard and Nell Lobue claim that they were informed by the attorney of Mrs. Katherine Cordell Osburn, who examined the abstract, that the Lobues had nothing to sell and that the abstract was then returned. On the contrary, Mrs.

Katherine Cordell Osburn testified in substance that after her attorney examined the abstract it was delivered to the attorney for the sellers with the observation that a certain specified defect existed in the title and with the understanding that "the plan was to have them clear it up and I was to accept it after it had a merchantable title."

J. H. Dinning, the attorney for Mrs. Osburn, testified that he examined the abstract and formed the opinion that the title to the property was good and merchantable, except for the lien held by Jefferson County.

Some months later Mrs. Katherine Cordell Osburn filed a suit for specific performance of the contract against Tony Lobue and Joe Lobue and Nell Lobue. This suit was dismissed by the court on February 24, 1947, without prejudice, because, according to the court, at the time of the alleged contract, the respondents were not the owners of the property.

After the suit had been dismissed all of the parties to the suit went before the County Commission of Jefferson County to present their claims respecting the property. Frank Pickard, appellant, was present at the time the matter was discussed and the claims made before the County Commission. As a result of the hearings, Jefferson County by and through the President of the County Commission, executed a quit claim deed to Joe Lobue and Tony Lobue for the lot in question for a recited consideration of $193.05. This deed is dated February 25, 1947. On the same day Joe Lobue and his wife Nell Lobue and Tony Lobue executed a deed to the same property to Frank Pickard (appellant). This deed contained a provision that, "The grantors herein shall have the right and privilege to pay grantee herein any time within two years from this date the sum of $200 with interest thereon at 6% per annum from this date, and if so paid to the grantee herein, the said grantee herein agrees to reconvey said property to the said Joe Lobue and Tony Lobue. Should they fail to do so within the said two years' time with interest, then said grantors have no further right, title, claim or interest in and to the property herein described. The said

$200 expressed herein is for the purpose of grantors herein purchasing from Jefferson County, Alabama."

On November 17, 1947, Joe Lobue and wife Nell Lobue and Tony Lobue executed a quit claim deed to Frank Pickard to the property which is here involved for a recited consideration of $3,000 Tendencies of the evidence show that Frank Pickard advanced the Lobues $300.00 in cash at the time of the conveyance and that $2500.00 was owing to Pickard by the Lobues from past loans.

On April 10, 1947, Mrs. Katherine Cordell Osburn filed suit against Joe Lobue, Nell Lobue and Tony Lobue for specific performance of the contract made on October 3, 1945. Before the trial of the cause both Joe Lobue and Tony Lobue died. Motions for revival were asked for and granted after the death of each. Osburn v. Lo Bue, 256 Ala. 121, 53 So.2d 610.

On November 3, 1952, the bill of complaint was amended by making Frank Pickard, a brother-in-law of Joe and Tony Lobue, a party respondent. The amended bill alleged that the respondents had attempted to convey to him title to the property for a consideration of $200 under the deed dated February 25, 1947, containing the provision which has been hereinabove set forth. The amended bill further alleges that after the bill was dismissed without prejudice, as hereinabove set forth, the respondents together with Frank Pickard endeavored to redeem or obtain a deed to the property from Jefferson County in the name of Frank Pickard, it being further alleged that Jefferson County executed a deed to the respondents Joe and Tony Lobue, who in turn executed the aforesaid deed to Frank Pickard.

The heirs of Tony Lobue disclaim any right or interest in the property. Nell Lobue denied the execution of the contract dated October 13, 1945, and with the heirs of Joe Lobue denied the allegations of the complaint as amended.

From the answer of Frank Pickard it appears that an effort was made to have the deed from Jefferson County executed to him and when the deed was executed to the Lobues, they executed the deed to him.

As stated, the case was heard orally before the court who entered a final decree commanding Frank Pickard to perform the contract and divesting out of him and into complainant the property which the contract provided would be sold. From the aforesaid decree Frank J. Pickard brings this appeal and although no citation was issued to Nell Lobue, she joins in this appeal and assigns error.

The questions for decision may be summarized as follows: (1) Is Katherine Cordell Osburn entitled to specific performance of the written contract to sell and convey real estate, where there is a defect in the vendors' title through a prior sheriff's sale for court costs and where the defect is corrected by purchase of the property from the county by the vendors? (2) Is Katherine Cordell Osburn entitled to specific performance under the written contract of sale of October 3, 1945, against Frank Pickard who purchased the property with notice of such contract? (3) Is the dower interest of Nell Lobue extinguished by joining with her husband in a conveyance to a third party?

In the case of Carlisle v. Carlisle, 77 Ala. 339, this court said:

"The equitable remedy of specific performance of agreements for the sale of lands rests largely in judicial discretion, directed and regulated by defined rules. Well settled elements and incidents are requisite to granting relief; but whether relief shall be granted depends upon an equitable consideration of the particular circumstances of each case. The contract must be just, fair, and reasonable; must not have originated in mistake, or surprise, or violation of confidence, or breach of trust, or advantage of condition, nor been obtained by any unconscientious or unfair methods; must be reasonably certain in respect to the subject-matter, the terms, and stipulations; must be founded on a valuable consideration, and its perform-

ance not work hardship or injustice. * * *."

There is no doubt that the contract of October 3, 1945, imposes a legal and binding obligation on Joe and Tony Lobue to sell and convey the property involved to Katherine Cordell Osburn. The question then arises as to whether this contract is a binding obligation on Frank Pickard.

Frank Pickard contracted with the Lobues after their contract with Katherine Cordell Osburn. It appears without dispute that he was in court on February 24, 1947, when the original bill filed by Mrs. Katherine Cordell Osburn was dismissed without prejudice. He was also at the County Commission meeting when the complainant and respondents sought to obtain the property which was held by the county. It is without dispute that the contract between Mrs. Katherine Cordell Osburn and Joe and Tony Lobue was recorded on October 27, 1945. It is, therefore, apparent that whatever title Frank Pickard obtained to the property, he obtained it with both actual and constructive notice of the rights of Katherine Cordell Osburn.

In Forney v. City of Birmingham, 173 Ala. 1, 55 So. 618, in commenting on the right to specific performance of a contract to sell realty, this court said:

"If the appellant's grantor had not parted with the legal title to the land, no one would question the right of the appellee, on the facts averred in the bill, to compel such grantor, in a bill for that purpose in a court of equity, to convey title to the appellee. The respondent, the appellant here, having purchased the land with full knowledge of the existing contract of its grantor and of the appellee's rights as alleged in the bill, can occupy no higher ground than its grantor. In equity it simply takes the place of its grantor in respect to the appellee's rights."

We also set out the provisions of § 58, Title 9, Code of 1940, as follows:

"Whenever an obligation in respect to real property would be specifically enforced against a particular person, it may be in like manner enforced against any other person claiming under him by a title created subsequently to the obligation, except a purchaser or encumbrancer in good faith and for value, and except, also, that any such person may exonerate himself by conveying all his estate to the person entitled to enforce the obligation."

In the case of Saliba v. Brackin, 260 Ala. 103, 69 So.2d 267, 270, this court cited with approval the case of Forney v. City of Birmingham, supra, and declared:

"In Matthews v. Bartee, 209 Ala. 25, 95 So. 289, it was held that where the vendor (here Newton), under a contract to sell realty, sells the land to a third person (here Brackin), with notice of the contractual right of the vendee to purchase, such third person's rights in the premises are subordinate to those of the original vendee (here Saliba), and, if such vendee is found entitled to specific performance, the third person's interest is subject to divestiture in the process of effectuating specific performance of the contract. See Forney v. City of Birmingham, 173 Ala. 1, 55 So. 618; Taylor v. Newton, 152 Ala. 459, 44 So. 583; Pomeroy's Specific Performance (3rd Ed.) page 946, § 465."

It is true that at the time the Lobues made their contract with Katherine Cordell Osburn on October 3, 1945, they had no interest in the property, because the property had been conveyed to Jefferson County. The rule, however, which is here applicable is stated in 81 C.J.S., Specific Performance, § 16, as follows:

"The vendor, if he is able to convey a title at the time of the hearing will not be heard to say that he had no title at the time of the contract. The vendee may have the benefit of his after-acquired title."

It clearly appears therefore that Mrs. Katherine Cordell Osburn is entitled to specific performance of the contract of October 3, 1945, as against Frank Pickard.

As we have stated, Nell Lobue joins in the appeal and assigns error. This she has a right to do. § 804, Title 7, Code

of 1940; New Morgan County Building & Loan Ass'n v. Plemmons, 210 Ala. 16, 97 So. 46; Louisville & N. R. Co. v. Shikle, 206 Ala. 494, 90 So. 900. Assuming that Nell Lobue did not sign the contract dated October 3, 1945, the purchaser in that event may still have specific performance under the rule as stated in Deasson v. Dobson, 250 Ala. 396, 34 So.2d 596, which provides for a deduction from the purchase price.

 But Nell Lobue joined with her husband in executing the deed to Frank Pickard, which has been hereinabove referred to. This deed to Frank Pickard is not an invalid deed, but conveys whatever interest the Lobues had to Frank Pickard, subject to the rights of Mrs. Katherine Cordell Osburn. By joining her husband in this deed, she extinguished her right to dower and cannot be heard to complain. § 46, Title 34, Code of 1940; Chavers v. Mayo, 202 Ala. 128, 79 So. 594.

What we have said is in accordance with the opinion and decree of the lower court, which we have concluded is a correct decree and should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.